## M. C. HAMBRICK *v.* T. J. WILKINS.

1. SALE. *Fraud of vendor. Return of property. Duty of vendee.*

   A purchaser induced to buy personal property by the fraudulent warranty of the vendor, who offers to return the same as soon as he discovers the fraud, if the vendor refuse to receive it, may, thereafter, having first given notice of his intention, dispose of the property in good faith for the account of such vendor, or may keep the same as his agent pending litigation in respect thereto.

2. SAME. *Fraud therein. Rescission of contract. Sale by purchaser.*

   And if, after such tender and refusal, the purchaser dispose of the property not in good faith, he is not thereby prevented from rescinding the fraudulent contract, but is liable for the market value of the property.

3. SAME. *Action for breach of warranty. After price paid. Measure of recovery.*

   If, in such case, the purchaser has paid the purchase price before discovering the fraud, the measure of his recovery from the vendor is the difference between the price paid and the market value of the property, less the price of keeping the same during the controversy between the parties.

4. ATTACHMENT. *Variance between cause of action in writ and declaration.*

   A plaintiff may not attach for one cause of action and having sustained his writ declare for another. *Ligon* v. *Bishop,* 43 Miss. 527, cited.

5. SAME. *Case in judgment.*

   W. brought an action against H. for a breach of warranty in a certain contract, and also sued out an attachment against the property of H., alleging that the defendant "fraudulently incurred the obligation for which suit is brought." *Held,* that there was no variance as to the cause of action as stated in the attachment writ and in the declaration.

APPEAL from the Circuit Court of Noxubee County.

HON. W. M. ROGERS, Judge.

The case is stated in the opinion of the court.

*Rives & Rives,* for the appellant.

1. If there was fraud, it was well known to plaintiff before he performed the contract. He paid the purchase money after he knew all the facts.

Under such circumstances he cannot be heard afterward to complain. He has by an unequivocal act waived the fraud and affirmed the contract. Benjamin on Sales, §§ 452, 703, 704; Story on

Contracts, § 497 ; *Edwards* v. *Roberts*, 7 S. & M. 549–56 ; *Bass* v. *Nelms*, 56 Miss. 502 ; *The Matteawan Company* v. *Bentley*, 13 Barbour, 641.

2. The attachment affidavit, bond, and writ, proceeds upon the idea that by reason of fraud on the part of defendant, the plaintiff treats the contract as a nullity and sues in assumpsit for the value of what defendant had received from him.

The declaration proceeds upon the idea of an ordinary breach of warranty, and claims damages therefor. Therefore the demurrer to the declaration should have been sustained, on the ground of variance from the cause set up in the attachment.

3. Plaintiff by selling the jack put it beyond the power of defendant to obtain his jack. Certainly plaintiff was not entitled to what he had parted with on a void contract, when he had placed it beyond the power of Hambrick to recover what he had parted with on the same contract. *McCulloch* v. *Scott*, 56 Amer. Dec. 561.

4. If plaintiff trifled away his jack and obtained nothing for him, it still remains true, that if he was out only $300 in property, and obtained property worth $100, he was only damaged to the amount of $200, or by the breach of warranty, and that was all he was entitled to recover even under this, the most favorable view of the case for him.

By selling the jack he abandoned the idea of rescission, if he had ever entertained it. *McCulloch* v. *Scott, supra.*

Then, if by reason of fraud, or breach of contract, Hambrick was liable to Wilkins for damages, he was liable only for the difference between $300, the amount Wilkins paid out, and $100, the actual value of the jack. 2 Wait's Action and Defences, p. 460, citing *Converse* v. *Burrows*, 2 Minn. 229 ; *Likes* v. *Baer*, 8 Iowa, 368 ; *Horn* v. *Batchelder*, 41 N. H. 86.

*Bogle & Bogle,* for the appellee.

1. The declaration is a literal copy of the precedents as found in Chitty. See 2 Chitty's Pl. Mor. p. 139, 3d Am. ed. from 2d London ed. As to the supposed variance, counsel for the appellant seem to think that an attachment cannot be sustained in assumpsit for fraudulent contraction of a debt. If their position was correct,

a suit upon open account could not be commenced by attachment based on that ground.    This is an action of assumpsit for breach of warranty, and the suit was commenced by attachment, the affidavit alleging that the debt was fraudulently contracted.    The fraudulent contraction of the debt does not change the character of the debt, and there is no sort of variance between the writ and the declaration. We think this assignment totally without merit.

2.  If there was a breach of the warranty, the plaintiff was entitled to recover the difference between the actual value of the animal and what it would have been worth if the qualities had been such as they were warranted to be.  *Wright* v. *Davenport*, 44 Tex. 164; *Howie* v. *Rea*, 70 No. Car. 559; *Page* v. *Parker*, 40 N. H. 47; *Reggio* v. *Braggiotti*, 7 Cush. 166; *Perley* v. *Balch*, 23 Pick. 283; *Dill* v. *O'Ferrell*, 45 Ind. 268; *Westmoreland* v. *Walker*, 25 Miss. 76; *Ferguson* v. *Oliver*, 8 S. & M. 332; *Passinger* v. *Thorburn*, 90 Am. Decs. 753 (n).

The fact that plaintiff retained the animal after its defects had become known to him does not bar the action on the warranty. See authorities *supra*.  *Douglass Mfg. Co.* v. *Gardner*, 10 Cush. 88; *Mandel* v. *Buttles*, 21 Minn. 391; Benj. on Sales, 3d, ed., secs. 977 and 1356 (n).

The retention of the property after discovering its defects renders the vendee liable for the actual value of the property, which could be deducted, in suit on the warranty, from the amount of damages the vendee is entitled to; that is, the value of the animal if it had been as represented to be.

3.  The facts here do not show such a user of the animal by plaintiff as is inconsistent with the rescission of the contract.    The animal was worthless to him, and expensive to keep, and he was not required to incur any further expense about the animal, as defendant might become insolvent, and the warranty prove worthless. The testimony shows that plaintiff simply declined to become responsible for the feed of a worthless animal, and relinquished any claim he might have in consideration of being released from any claim against him for the feed.

In Parsons on Con., 1st Vol., star page, 593, 7th ed., it is said:

"And if the vendor refuses to receive the goods back, when tendered, the purchaser may sell them; and if he sells them for what they are really worth, and within a reasonable time, he may recover of the vendor the loss upon the re-sale, with the expense of keeping the goods and of selling them." And the author cites, in support of that doctrine, *Woodward* v. *Thacher*, 21 Vt. 580; *Buffington* v. *Quantin*, 17 Penn. St. 310; *Chesterman* v. *Lamb*, 2 A. & E. 129; *McKenzie* v. *Hancock*, Ry. & M. 436, and *MacLean* v. *Dunn*, 4 Bing. 722.

We do not think there is anything in *Carver Gin Co.* v. *Gaddy*, 62 Miss. 201, in conflict with these cases.

COOPER, C. J., delivered the opinion of the court.

This is an action by attachment brought by the appellee against the appellant to recover damages for the breach of a warranty in the sale of a jack.

The ground of attachment alleged is, that the defendant " fraudulently incurred the obligation for which suit is brought." At the return term the defendant traversed the ground of attachment, and on this issue a verdict was found in favor of the plaintiff.

On the trial of this issue, evidence was introduced tending to show that the plaintiff, after having notice of the falsity of the warranty, and after he had for some time held possession of the jack, paid to the defendant the purchase price. On the other hand, the plaintiff introduced evidence tending to show that while he had been in possession of the jack, (during which time he refused to serve mares, by reason of which the plaintiff doubted his value,) he was further deceived by the defendant and his agent, who secretly manipulated and physicked the jack, thereby inciting him to service, by which plaintiff was relieved of his doubts, and that it was while this deception continued that he made the payment of the purchase price. It was further shown that some weeks after payment had been made, the plaintiff tendered the jack to defendant and demanded restitution of the purchase price, and this tender being declined by the defendant, the plaintiff placed the jack in a livery stable as the property of defendant, and some time after this,

being informed by the stableman that he looked to plaintiff for the cost of keeping the animal, he agreed with the keeper that he should take the jack for his feed bill, which he did, and afterwards sold him for $120.

The appellant contends that the plaintiff, by paying the purchase price after knowledge of the falsity of the warranty, waived the fraud and thereby lost all right of action resting on the same; and further, that by disposing of the animal to the stable keeper in payment of the feed bill, he disabled himself from returning it to the defendant, and is therefore precluded from rescinding the contract.

Neither of these positions is fatal to the right of action asserted by the plaintiff. On the trial of the issue traversing the ground of attachment, and also upon the issue in chief, the jury was distinctly informed that if the plaintiff consummated the purchase after notice of the falsity of the facts warranted, he could not rescind. By its verdict the jury negatived the fact of such knowledge, and for this finding there is ample support in the testimony.

It is not true that one who is the victim of a fraud, and who, discovering the facts, rescinds the contract, and offers to return the property, which is refused by the seller, is obligated to keep the property for the seller until the end of the controversy between them, so that he may return it to him upon recovery of the purchase price. A purchaser who is defrauded by the seller, and who, in the lawful exercise of his right to rescind tenders the property to the seller, who refuses to receive it, is under no other obligation to him than to retain the property as his agent and bailee, and after notice of his intention, may, in good faith, dispose of the same for account of the owner. Swann v. West, 41 Miss. 104.

If he sells the property otherwise than in good faith, the extent of his liability would be the fair market value of the same.

We assent to the proposition advanced by appellant that a plaintiff may not attach for one cause of action, and having sustained his writ, declare for another. Wright v. Snedecor, 46 Ala. 92; Ligon v. Bishop, 43 Miss. 527.

But there is no variance between the cause of action for which the attachment was sued out, and that declared in the declaration.

The declaration was for breach of warranty. This gave a right of action. The ground for sueing out the attachment was that the warranty so broken was *fraudulently* made.

The case was, we think, fairly submitted to the jury by the instruction of the court, and the evidence supports the verdict on the attachment issue, and measurably that on the issue in chief. On the latter issue the recovery was somewhat too great, in that nothing was allowed to the defendant as the value of the jack. The plaintiff, as we have said, might, after tender of return and refusal to accept by the seller, have either kept the animal until after trial, as the agent of the owner, or might, in good faith, after notice to the owner, have sold the animal for his account. But it was not within his power to give it away or to wantonly sacrifice it by turning it over to the keeper of the stable for the price of a few days' keep. Having done so, the measure of his recovery is the difference between the purchase price paid by him and the reasonable value of the jack, less the expense of keeping him. For the error in the extent of the recovery, the judgment is reversed, and a new trial awarded. This will not affect the verdict on the attachment issue, which is not disturbed.

*Judgment reversed.*

