## Barnett *v.* Speir.

1. The right to rescind for fraud in a horse swap exists only when actual fraud has been committed. Rescission, where a right to rescind is not expressly reserved, cannot be had for constructive fraud or merely on account of warranty, express or implied. For this reason it was error to instruct the jury touching the law of warranty.

2. Where the right to rescind exists, and the party exercising it tenders back the horse he received, demanding at the same time the one he parted with, and there is refusal as to both the tender and the demand, the subsequent retention of the horse received will not bar an action of trover brought for the one parted with; and if after the action is commenced the horse received is disposed of by the plaintiff for his own benefit, the fair market value of this horse or the fruits of the disposition will go in mitigation of damages, if the defendant so elects. That this horse may have been useless to the plaintiff will not protect the plaintiff from accounting for his value after a conversion by swapping him off.

3. The evidence being conflicting, and the charge of the court on the subject of warranty not being applicable to the case, the court erred in denying a new trial.

June 25, 1894. Argued at the last term.

Trover. Before Judge HUNT. Henry superior court. April term, 1893.

E. J. REAGAN and W. T. DICKEN, for plaintiff in error. J. F. WALL and G. W. BRYAN, *contra.*

SIMMONS, Justice.

This was an action of trover for a horse. It appears from the record that the plaintiff swapped his horse for the defendant's mare, but on the next day tendered back the mare and asked a rescission of the trade, claiming that the defendant cheated and defrauded him by false representations as to the character and qualities of the mare. The defendant refused to take back the mare or return the horse, and this action was brought. The defendant claimed that he had made no representations as to the mare, but that the plaintiff traded for her on his own responsibility. The court charged the jury, that, "if the defendant traded the plaintiff a mare in exchange for a horse, the defendant, even if he said nothing, nevertheless warranted the mare to be reasonably suited to the uses for which horses are generally intended." This was excepted to by the defendant and made one of the grounds of his motion for a new trial.

We think this charge was error. This was not an action for a breach of warranty, but to recover the horse or its value, upon the ground that the title had not passed. To prevent title from passing, there must be actual fraud. Mere constructive fraud or breach of warranty does not prevent title from passing. Where two persons exchange horses and an actual fraud is committed on one by the other, the right of rescission may exist on the part of the one defrauded, but this right does not arise from constructive fraud or on account of a breach of warranty express or implied, unless the right to rescind is expressly reserved in the contract. Where, however, there is an actual fraud perpetrated

on one of the parties and he elects to rescind the contract, and makes a tender of the horse to the other party, which is refused, and he brings trover for the horse, the question of warranty is not in the case. Such being the nature of the present action, it was error to charge the jury upon the subject of warranty. See *Dawson* v. *Pennaman*, 65 *Ga.* 698; 21 Am. & Eng. Enc. of Law, 60.

2. After the defendant refused to take back the horse, the plaintiff kept it for some time, and after this action was brought, disposed of it. It was contended by the defendant that the retention of the horse by the plaintiff precluded a recovery in this action. We do not think so. Where the right to rescind exists, and the party exercising it tenders back the property he received, demanding at the same time that with which he parted, and there is a refusal as to the tender and the demand, the subsequent retention of the property received will not bar an action of trover brought for that parted with. If after the action is brought, however, the property received is disposed of by the plaintiff for his own benefit, its fair market value or the fruits of the disposition should go in mitigation of damages, if the defendant so elects. The above is applicable in the present case, although the horse retained was useless to the plaintiff. This fact would not protect him from accounting for its value. If he had kept the horse until this suit was terminated, and had prevailed in the suit, the defendant would have been liable to him for the expense of keeping the horse. See Hambrick *v.* Wilkins, 7 Am. State Rep. 631.

3. The evidence being conflicting, and the charge on the subject of warranty not being applicable to the case, the court erred in denying a new trial.

*Judgment reversed.*