## DICKEY et al. v. WINSTON CIGARETTE MACHINE CO.

1. Under a contract for the sale of a machine, which provides that if it should not operate " as recommended, then after four months from " the date the contract goes into effect " it shall be returned to the " seller, the purchaser has a reasonable time after the expiration of the four months within which to return the machine.
2. A mere notice by the purchaser under such a contract to the seller that the machine is held subject to his order is not a compliance with that portion of the contract which stipulates that the machine may be returned if it should not operate as recommended.
3. The evidence demanded a finding in favor of the plaintiff, and there was no error authorizing the reversal of the judgment in its favor.

Argued January 16,— Decided February 9, 1903.   Rehearing denied February 28, 1903.

Complaint.   Before Judge Reid.   City court of Atlanta.   April 9, 1902.

*Felder & Rountree,* for plaintiffs in error, cited 86 *Ga.* 508; 97 *Ga.* 10; 111 *Ga.* 435; 6 A. & E. Enc. L. (2d ed.) 471, 473; Civil Code, § 3675; 61 Fed. 74; 142 U. S. 128; 121 U. S. 264; 134 U. S. 68; Civil Code, § 3728; 14 Hun, 219; 66 Ill. 35; 30 Iowa, 215; 6 Hun, 285; 2 Blackf. 87; 13 Wend. 95; 24 Id. 274; 23 Id. 345; 43 N. Y. 43; 16 N. Y. 585; 23 Barb. 554; 2 Pars. Con. 653; 4 Am. Dec. 655; 1 Stew. (Ala.) 272; 12 Tex. 336; 25 A. & E. Enc. L. (1st ed.) 924–5, 929; Co. Lit. 207 A; 93 *Ga.* 762; 76 *Ga.* 629; Civil Code, § 3555 (2).

*Mayson, Hill & McGill,* contra, cited 104 *Ga.* 205; 116 *Ga.* 445; 101 *Ga.* 39 (2); 89 Fed. 174.

COBB, J.   The Winston Cigarette Machine Company brought suit against J. L. Dickey and J. J. Morrison, on a contract of which the following is a copy:   "This contract, made this 30th day of May, 1900, by and between the Winston Cigarette Machine Company of Winston, N. C., party of the first part, and J. L. Dickey and J. J. Morrison of Atlanta, Georgia, parties of the second part, witness-eth:   `That the said Winston Cigarette Machine Company, for the consideration hereinafter mentioned, hereby sells, conveys, and de-livers, f. o. b. Winston, N. C., to the parties of the second part, one Briggs Cigarette Machine, constructed under U. S. Letters Patent, No. 553,507, in good working order, with all usual attachments thereto, which said machine has shop number (119) one hundred and nineteen.   The said parties of the second part agree to pay for said machine the sum of $1,500.00, as follows: One hundred dollars per month, payable in advance, for four months, and the residue, to wit $1,100.00, with interest thereon from this date, to be paid four months from this date.   If said machine should not make cigarettes as recommended, then after four months from this date the machine shall be returned to the party of the first part at the expense of the party of the second part, and the payments of $100.00 per month made, or due the party of the first part, shall be treated as rental of said machine at the price named.   That the said parties of the second part shall employ at their own ex-pense a person accustomed to the working of said machine, to be furnished by the party of the first part, for such length of time as may secure the safe and proper working of said machine."

Attached to the petition was a bill of particulars as follows:

"Winston, N. C., U. S., A., Mar. 26, 1901.

" Messrs. J. L. Dickey and J. J. Morrison,

"The Winston Cigarette Machine Company.

| "1900. | June 30. | To One Briggs Cigarette Machine No. 119 . . . . . . . . . . | $1500.00 |
| | July 10. | Freight . . . . . . . . . . . . | .25 |
| | 20. | To expense of P. S. Preston . . | 46.70 |
| | | To 1/2 Mo. Services Preston . . | 50.00 |
| | Oct. 10. | One third of month's salary Preston | 33.33 |
| | | Expenses to Atlanta and return Preston | 39.60 |
| | | | 1684.26 |
| | July 20. | By cash on account . $13.25 | |
| | Oct. 8. | By cash . . . . . . 200.00 | |
| | Oct. 22. | By cash on account 96.70 | $309.95 |
| | | Balance due . . . . . | 1374.31 |
| | | | 14.38 |
| | | | 1360.50 |

The defendants pleaded that the plaintiff had not complied with the contract, that the machine was not reasonably suited to the uses intended, that they offered to return it, which offer was refused; and they prayed that they might by way of recoupment recover from plaintiff damages alleged to have been sustained in operating the machine. At the trial the court directed a verdict for the plaintiff, and this ruling is assigned as error.

1. It was admitted that the defendants did not receive the machine until July 3, and it was conceded that the contract had been so modified that the four months therein referred to did not expire until November 3. Was it necessary, in order for the defendants to exercise their right to return the property and be relieved from further liability for the purchase-money, that the property should be returned before the expiration of the last day, that is, before the last moment of November 3? The contract was that the property should be returned " after four months," and defendants had the entire four months to ascertain whether the machine would do the work as recommended, and decide whether they would exercise the option to rescind the sale and return the machine. Having, under the contract, the full four months to decide whether they

would return the property, and the contract not specifying the time within which the property was to be returned after the expiration of four months, the defendants had a reasonable time after this within which to return the property. *Newburger* v. *Hoyt,* 86 *Ga.* 508; *Rogers* v. *Burr,* 97 *Ga.* 10 (1).

2. Under the contract the defendants had four months within which to ascertain whether the machine would " make cigarettes as recommended," and if it would not, they had a reasonable time after the expiration of four months to return the machine to the plaintiff at Winston, North Carolina. If they concluded to exercise their right to rescind the contract of sale, they were required at their expense to return the machine to plaintiff at Winston, North Carolina, within a reasonable time after the expiration of the four months, and nothing less than an actual return of the property would be a compliance with the terms of the contract. If they failed to so return the property, then their liability for the purchase-money became absolute without reference to whether the machine was as recommended or not. The record discloses a correspondence between the parties, beginning June 25 and closing December 17, in which the defendants make various complaints about the machine and plaintiff insists that the machine was as recommended. After a careful examination of the correspondence, we can see no modification of the contract, except as to the date the contract was to go into effect, which is above referred to. On the other hand, as to all other matters there seems to be a persistent contention by the plaintiff that the machine was " as recommended," and that a strict compliance with the contract by the defendants was expected. The machine was never returned to the plaintiff. On December 10, the defendants wrote the plaintiff that the machine was not doing satisfactory work, and that it was held subject to the order of plaintiff. This was not such a return of the property as would be a compliance with the contract. *Malsby* v. *Young,* 104 *Ga.* 205 (3). See also Civil Code, § 3729; *McCormick Machine Co.* v. *Allison,* 116 *Ga.* 445.

3. It was contended, however, that the plaintiffs had waived an actual return of the property, in their reply to the letter of defendants of December 10. This reply is dated December 13. In it the plaintiff states that it declines the proposition to have the machine returned, that it is exactly as represented, that it is

willing for the question to be decided by any court or jury in the land, that the defendants' claim that the machine will not work is all nonsense; and concludes thus: "We expect to hold you to the terms of your contract. We have acted fairly by you, and expect the same treatment." The temper of this letter does not seem to us to indicate a disposition to waive anything; much less does it contain an actual waiver. Conceding that the time for the return of the machine had not yet expired upon receipt of this letter, the defendants should have, at their expense, immediately shipped the machine to plaintiff. We do not think there was any evidence showing a modification of the contract, other than as to the matter above referred to, nor a waiver by plaintiff of any of its rights under the contract. The evidence demanded the verdict as directed. Under the view we have taken of the case, it is not necessary to pass on the question whether the defendants would have been liable for the four months rent in the event the machine was returned within due time and was not reasonably suited to the uses intended; or what was the effect of the defendants' having insured the property as their own, and having, after the same was destroyed by fire, collected the amount for which it was insured. We find no error authorizing a reversal of the judgment.

<em>Judgment affirmed. By five Justices.</em>