## JOHNSON v. HARLEY.

The motion for a new trial was based on the ground that the verdict was contrary to law and to the evidence. The testimony, while conflicting, was sufficient to sustain a finding for the plaintiff, and the judgment is affirmed.

Submitted October 5, — Decided October 17, 1904.

Trover.    Before Judge Hammond.    Richmond superior court. June 30, 1904.

Harley brought an action of trover against Johnson, for a horse which he had traded to the defendant in exchange for a mule, alleging that the defendant had obtained possession of the horse by falsely and fraudulently representing that the mule was safe for family driving.    At the trial the plaintiff testified that Johnson proposed the exchange and made the representation alleged, and that after the exchange had been made he (the plaintiff) found that the mule was subject to fits and was too dangerous to be driven; that when he was informed of this, the next day after the exchange, he offered to rescind, tendered the mule to Johnson, and demanded the horse, and that the offer and demand were refused.    There was evidence that the defendant knew of the dangerous condition of the animal, at the time the trade was made.    The defendant in his testimony denied this; and it was insisted that the plaintiff's remedy was by suit for breach of warranty.    The verdict was for the plaintiff.    The defendant excepted to the overruling of his motion for a new trial, based on the grounds that the verdict was contrary to law and the evidence. Other exceptions were abandoned.

*Julian J. Zachry*, for plaintiff in error.
*Henry S. Jones*, contra.

LAMAR, J.    Whether the plaintiff's remedy was in trover, or for breach of the warranty, depended on the question as to whether there had been any fraud by the defendant.    If there was a mere warranty, title passed.    A breach did not void the sale. If there was a fraudulent representation which induced the plaintiff to act to his injury, no title passed, and he could sue in trover. The evidence was conflicting, but that for the plaintiff was sufficient to sustain the verdict, either under *Dawson* v. *Pennaman*, 65 *Ga.* 698, *Barnett* v. *Spier*, 93 *Ga.* 762, or *Newman* v. *Claflin*, 107 *Ga.* 89.    *Judgment affirmed.    All the Justices concur.*