### DUNN *v.* BEASLEY.

ATKINSON, J. 1. Where two persons swap horses, in order for one of them to repudiate the contract as void on the ground of fraud perpetrated by the other, and to employ the action of trover to recover the horse which he has given in exchange, the fraud must be actual. *Barnett* v. *Spier*, 93 *Ga.* 762 (21 S. E. 168).

(a) The ruling actually made in *Newman* v. *Claflin*, 107 *Ga.* 89 (32 S. E. 943), in view of the facts involved in the case, is not in conflict with the statement of the principle above announced.

2. This was an action of trover for the recovery of a horse. On the trial it appeared that the plaintiff had swapped horses with one of the defendants, and that the horse which he received had a disease of the lungs, from which it died. In making the trade the defendant represented the horse as sound, except for a wire cut on the ankle, and that he had traded for it a week before from a named person who represented it as sound. The plaintiff knew the third person and had confidence in his representations, and traded on the faith of such statements by the defendant. In the making of the former trade the third person did not in so many words say that the horse was sound, but, in response to the direct question by defendant as to whether it was sound, replied: "You are aware of the wire cut on her leg," without saying more. *Held*, that this response by the third person, under the circumstances under which it was made, is to be construed as a representation that, with the exception of the wire cut on the leg, the horse was sound.

(a) There was no evidence to show that the defendant knew of the diseased condition of the horse's lungs when he made the representation to plaintiff that the horse was sound.

(b) In the absence of such knowledge, there was no evidence upon which to predicate an issue as to actual fraud. *Waterman* v. *State*, 114 *Ga.* 262 (40 S. E. 262).

3. The trial judge, at the conclusion of the plaintiff's evidence, properly granted a nonsuit.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

APRIL 17, 1915.

Trover. Before Judge Fite. Whitfield superior court. April 9, 1914.

*M. C. Tarver,* for plaintiff. *W. E. Mann,* for defendant.