## HOUZE *v.* BLACKWELL.

PER CURIAM. 1. The petition, properly construed, shows the action to be one for deceit to recover an amount paid as the purchase-price of a horse in pursuance of a contract of purchase induced by actual fraud upon the part of the vendor.

2. To entitle the plaintiff to recover under the petition, it was necessary to show that the defendant knowingly made the alleged false representations as to the qualities of the horse, with intent to deceive the defendant, and that the defendant was deceived and suffered damage thereby. *Dunn* v. *Beasley*, 143 *Ga.* 376 (85 S. E. 100).

3. The charges complained of in the 16th and 17th grounds of the motion for new trial omitted appropriate reference to knowledge by the vendor

of the falsity of the representations as an essential element in the plaintiff's case.

4. One who rescinds a contract of sale for fraud practiced on him, and offers to return to the vendor the property purchased, is not obliged, on refusal of the vendor to receive the property, to keep it until the termination of the controversy between them. He may either retain the property as agent of the vendor, or, after notice to him, may in good faith sell it for his account. He can not lawfully abandon the property; and if he does so, in the event he is entitled to recover, his recovery will be reduced by the fair market value of the property abandoned. *Barnett* v. *Spier*, 93 *Ga.* 762 (21 S. E. 168).

5. On the trial of the case the above principles, though applicable under the pleading and evidence, were not applied; and a new trial should have been granted.     *Judgment reversed. All the Justices concur.*
FEBRUARY 19, 1916.

Attachment. Before Judge Patterson. Milton superior court. October 9, 1914.

*George F. Gober* and *G. B. Walker,* for plaintiff in error.
*J. P. Brooke,* contra.