*H. C. Beasley,* for plaintiff. *Way & Burkhalter,* for defendant.

8129. STOVALL & STRICKLAND *v.* McBRAYER.

BROYLES, P. J. 1. As a general rule, the dissatisfied party to a horse swap is not entitled to a rescission of the trade, unless he shows absolute fraud on the part of the other party. In other words, before he can rescind the trade he must show that the other party's warranties as to the animal traded by him were untrue, and that the party making them knew that they were untrue when made, that on account of such .misrepresentations he was injured, and that he offered to rescind the trade within a reasonable time. *Barnett* v. *Spier*, 93 *Ga.* 762 (21 S. E. 168); *Dunn* v. *Beasley*, 143 *Ga.* 376 (85 S. E. 100); *Houze* v. *Blackwell*, 144 *Ga.* 700 (87 S. E. 1054); *Sasser* v. *Pierce*, 6 *Ga. App.* 321 (64 S. E. 1100).

(a) Where, however, in a mule swap between A and B, it was agreed between them, as a part of the contract, that A was to take B's mule, which B represented to be perfectly sound, and, if the mule proved to be unsound, A should have the right to bring it back to B and rescind the trade, and where in fact the mule proved to be unsound and A was damaged thereby, A is entitled to a rescission of the trade, whether or not B knew that his representations as to the soundness of the mule were untrue. *Barnett* v. *Spier*, supra.

(b) The offer to rescind, however, must be made within a reasonable time. *Jordy* v. *Dunlevie*, 139 *Ga.* 325 (77 S. E. 162).

2. This was a suit on a promissory note given as "boot" in a mule swap, and the defendant pleaded actual fraud on the part of the plaintiffs—the vendors; that the mule was unsound at the time of the trade; that the plaintiffs, knowing it to be unsound, warranted it to be sound in every particular, and agreed to rescind the trade if it proved otherwise; and that there was a partial failure of consideration. On the trial the defendant abandoned the plea of actual fraud, but insisted on his other defenses. The jury returned a verdict setting aside the contract and awarding $50 to the defendant as the price of the mule which he traded to the plaintiffs. The evidence, while in acute conflict, authorized a finding that the plaintiffs made untrue representations as to the qualities and worth of the mule traded to the defendant, that he was damaged thereby, that at the time of the trade it was agreed that he could rescind the trade if the plaintiffs' representations proved to be untrue; and that his offer to rescind was made within a reasonable time. Under the facts of the case, this court can not hold as a matter of law that the defendant's offer to rescind, made five or six weeks after the trade, and after he discovered that something was the matter with the mule, was not within a reasonable time.

3. Under the facts of the case there is no material error in the instructions complained of in the first ground of the amendment to the motion for a new trial.

4. The 4th ground of the amendment to the motion for a new trial excepts to the refusal of the court to give to the jury the following requested charge: "In order to rescind a contract of sale, the defendant must promptly, on the discovery of the fraud, offer to rescind the contract of sale." While the Civil Code (1910), § 4305, provides that in order for a party to a contract to rescind it, he must promptly, on discovery of the fraud, restore or offer to restore to the other party whatever he has received under the contract, if it be of any value, yet the word "promptly," as used in this code-section, does not mean "immediately," but means within a reasonable time. *Jordy* v. *Dunlevie,* supra. See also, as to the principle herein involved, *Newburger* v. *Hoyt,* 86 *Ga.* 508 (12 S. E. 925); *Dickey* v. *Winston Cigarette Machine Co.,* 117 *Ga.* 131 (43 S. E. 493); *Furst* v. *Commercial Bank,* 117 *Ga.* 472, 475 (43 S. E. 728). The court in this case having instructed the jury that the defendant, before he could rescind the trade, must have carried the mule back to the plaintiff and offered to rescind the trade within a reasonable time after he discovered that the mule was diseased, did not err in refusing to give to the jury the requested charge, as it was substantially covered by the instructions given.

5. The 2d, 3d and 5th grounds of the amendment to the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, are treated as abandoned.

6. There was some evidence to support the verdict, and the judgment overruling the motion for a new trial must be

Affirmed. *Jenkins and Bloodworth, JJ.; concur.*
DECIDED MAY 11, 1917.

Complaint; from Paulding superior court—Judge Bartlett. January 15, 1916.

*A. J. Camp, Griffith & Matthews,* for plaintiffs.

*W. E. Spinks, C. B. McGarrity,* for defendant.