*W. E. Spinks, C. B. McGarrity,* for defendant.

---

### 8047. WATERMAN & COMPANY *v.* TROUTMAN.

BROYLES, P. J. 1. The dissatisfied party to a horse swap is not entitled to a rescission of the trade unless he shows actual fraud on the part of the other party, or unless the right to rescind was expressly reserved at the time of the sale. *Barnett* v. *Spier,* 93 *Ga.* 762 (21 S. E. 168); *Dunn* v. *Beasley,* 143 *Ga.* 376 (85 S. E. 100); *Houze* v. *Blackwell,* 144 *Ga.* 700 (87 S. E. 1054); *Sasser* v. *Pierce,* 6 *Ga. App.* 321, 323 (64 S. E. 1100); *Stovall* v. *McBrayer,* ante, 93 (92 S. E. 543).

2. This was a suit on a promissory note given as "boot" in a horse swap, and, the defendant's answer and cross-petition not setting forth that the plaintiff's representations (which were alleged to be untrue), as to the qualities and worth of the horse which the defendant received, were known to be untrue by the plaintiff at the time they were made, or that the right of rescission was expressly reserved as a part of the trade, the defendant was not entitled to a rescission. The answer as a whole was insufficient in law to set up any legal defense to the suit, and the court erred in overruling the motion to strike it.

3. The error in overruling the motion to strike the answer rendered the subsequent proceedings nugatory, and it is unnecessary to consider the other rulings complained of.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*
DECIDED MAY 11, 1917.

Complaint; from Houston superior court—Judge Mathews. June 23, 1916.

*John R. Cooper, Akerman & Akerman,* for plaintiffs.

*C. L. Shepard,* for defendant.