### 8329. WATTS v. PASS.

BROYLES, P. J. 1. The party alleged to have been defrauded in a horse-swap by means of fraudulent representations made by the other party can not maintain an action in trover, although he promptly repudiated the contract and offered to return the animal which he had received and a promissory note for $100, which had been given him as "boot," and demanded the return of the other animal, where, after his offer to rescind had been refused, and after his trover suit had been filed, he placed the note in a bank as collateral security for his indebtedness to the bank, and at the maturity of the note instructed the cashier of the bank to collect it from the defendant and to credit the proceeds on his (the plaintiff's) indebtedness to the bank, which was done. *Hunter* v. *Stembridge*, 17 *Ga.* 243; *Lane* v. *Latimer*, 41 *Ga.* 171; *Fannin* v. *Thomason*, 50 *Ga.* 614, 617; *Chaflin* v. *Continental Works*, 85 *Ga.* 27, 40 (11 S. E. 721); *Glover* v. *Green*, 96 *Ga.* 126 (22 S. E. 664); *Howard* v. *Cassels*, 105 *Ga.* 412 (31 S. E. 562, 70 Am. St. R. 44); *Timmerman* v. *Stanley*, 123 *Ga.* 850 (2) (51 S. E. 760, 1 L. R. A. (N. S.) 379); McLean *v.* Clapp, 141 U. S. 429 (12 Sup. Ct. 29, 35 L. ed. 804); 2 Black on Rescission, §§ 583, 595, 601, 603, 608, 651. The decisions in *Barnett* v. *Spier*, 93 *Ga.* 762 (21 S. E. 168); *Houze* v. *Blackwell*, 144 *Ga.* 700 (87 S. E. 1054), and Hambrick *v.* Wilkins, 65 Miss. 18 (3 So. 67, Am. St. R. 631), relied on by counsel for the plaintiff in error, are not applicable to the facts of this case.

2. The court did not err in directing a verdict for the defendant.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JUNE 14, 1917.

Trover; from Gordon superior court—Judge Fite. May 23, 1916.

*Starr & Paschal,* for plaintiff. *Neel & Neel,* for defendant.