### 8944.  BATTLE *v.* LIVINGSTON.

JENKINS, J. The right to rescind a horse swap exists only by virtue of such special terms of the contract of sale as may so authorize, or, in the absence of any such agreement, by reason of knowingly false and fraudulent misrepresentation of existing facts, made to the complaining party, whereby he was induced to act to his injury. A mere breach of an express warranty which was the controlling inducement to trade, unaccompanied by any such fraudulent misrepresentation of fact, will not afford ground for the avoidance of such a contract. *Stovall* v. *McBrayer,* 20 *Ga. App.* 93 (92 S. E. 543); *Barnett* v. *Speir,* 93 *Ga.* 762 (21 S. E. 168; *Newman* v. *Claflin Co.,* 107 *Ga.* 89 (32 S. E. 943); *Johnson* v. *Harley,* 121 *Ga.* 83 (48 S. E. 685).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED MARCH 12, 1918.

Trover; from city court of Albany—Judge Clayton Jones. May 5, 1917.

The suit was for the recovery of a mare which had been traded by the plaintiff to the defendant for a horse. The plaintiff testified that the horse swapped to him was worthless, and that he knew nothing about it at the time of the trade; that when the defendant brought the horse to him for the purpose of trading, he said to the defendant: "Do you guarantee this horse to be sound? If you don't I will not trade." The defendant replied that he guaranteed the horse to be as sound as a dollar. The plaintiff then told his servant to "take the horse out." He further testified: "I do not know where Randolph [the defendant] got this horse from, nor how long he had had him, but I do know that he guaranteed the horse to be sound, and I wouldn't have traded if he hadn't done it. Randolph did say at first that he would trade

just as the horses stood, but I knew him and I wouldn't trade with him, unless he would agree to guarantee the horse to be sound." There was no evidence tending to show knowledge on the part of the defendant that the horse was unsound at the time the sale was consummated. The trial resulted in a verdict for the plaintiff. The defendant's motion for a new trial, the refusal of which was excepted to, was based on the grounds that the verdict was contrary to law, evidence, etc.

*Peacock & Gardner,* for plaintiff in error.

*T. H. Milner,* contra.