### 10435. MARTIN & SON *v.* HARRISON.

BROYLES, P. J. 1. The purchaser of a horse or mule is not entitled to a rescission of the trade unless he shows, among other things, actual fraud on the part of the vendor; or unless he shows, among other things, a

special agreement between the parties, as a part of the contract, that if the animal proved to be unsound the purchaser should have the right to return it to the vendor and rescind the trade. *Stovall* v. *McBrayer*, 20 *Ga. App.* 93 (92 S. E. 543).

2. Under the above rulings and the facts of the instant case, the plaintiff in the lower court, the purchaser of the mule, was not entitled to a rescission of the trade, and the court did not err in awarding a nonsuit.

3. Under the particular facts of this case, it is immaterial whether the court erred in disallowing the proffered amendment to the petition. The original petition set out, in substance, that the plaintiff was entitled to a rescission of the trade because of actual fraud on the part of the defendant. The proffered amendment set out in substance that the plaintiff was entitled to a rescission of the trade (irrespective of actual fraud on the part of the defendant) because of an agreement entered into by the parties, as a part of the contract, that if the mule proved to be unsound the plaintiff would have the right to return it and rescind the trade. It appears from the bill of exceptions that the amendment was offered after all the evidence for the plaintiff had been presented, and it is alleged therein that the amendment "was germane and adjusted to the facts as developed by the testimony in said case." This allegation is not "adjusted to the facts as developed by the testimony." If the amendment had been allowed, it would not have been supported by the evidence adduced, and a nonsuit would still have been proper.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*
Decided July 22, 1919.

Action for breach of warranty; from city court of Hall county—Judge Wheeler. February 17, 1919.

*B. P. Gaillard Jr.*, for plaintiffs.

*W. A. Charters*, contra.