## 11297. NEWKIRK *v.* BURTS & GOODMAN.

JENKINS, P. J. 1. "The right to rescind a horse-swap exists only by virtue of such special terms of the contract of sale as may so authorize, or, in the absence of any such agreement, by reason of knowingly false and fraudulent misrepresentations of existing facts, made to the complaining party, whereby he was induced to act to his injury. A mere breach of an express warranty which was the controlling inducement to trade, unaccompanied by any such fraudulent misrepresentation of fact, will not afford ground for the avoidance of such a contract." *Battle* v. *Livingston,* 21 *Ga. App.* 809 (95 S. E. 316); *Dunn* v. *Beasley,* 143 *Ga.* 376 (85 S. E. 100). The charge of the court was not inadequate, nor was it prejudicial to the defendant as being in conflict with the foregoing rule. The jury was instructed as follows: "If you believe, from the evidence submitted to your consideration, that the defendant made this trade with the plaintiff, and that, in doing so, a fraud has been perpetrated as alleged in this case, an actual fraud by the defendant upon the plaintiff, and that the same was knowingly perpetrated by the defendant, I charge you that it would be your duty to find for the plaintiff. On the other hand, if you should believe, and should so find by a preponderance of the testimony, that a fraud was perpetrated, but not knowingly by the defendant, you should find in favor of the defendant and against the rescission of the contract." The jury were authorized, but not compelled, to find that the alleged warranty made by the defendant in this case was accompanied by knowingly false representations as to an existing and material fact, to wit, that the defendant had kept and successfully used the mule to make a crop, whereas he had in fact owned the mule for a period of only three weeks prior to the swap. The jury were thus authorized by the evidence to find that the plaintiff was defrauded in having relied upon this alleged statement of the defendant, both as tending to show the condition of the mule and the opportunity of the defendant to know the facts represented by him to be true.

2. Exception is taken to this portion of the charge: "Look to the evidence and find in favor of that party with whom you believe the preponderance of the testimony lies," the contention being that the defendant was thus compelled to bring forth preponderating evidence, whereas the rule of law places this burden upon the plaintiff only. This portion of the charge has no reference to where the burden of proof lay, but relates to another subject; and besides, in another portion of the charge, the judge instructed the jury as follows: "I charge you that the burden is upon the plaintiff in this case to prove the allegations as contained in the petition, by a preponderance of the testimony."

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED OCTOBER 13, 1920.

Trover; from city court of Sylvester — Judge Monk.   January 20, 1920.

*Passmore & Forehand,* for plaintiff in error.

*Perry & Williamson,* contra.