11825.   Bowden v. King.

Jenkins, P. J. " The right to rescind a horse swap exists only by virtue of such special terms of the contract of sale as may so authorize, or, in the absence of any such agreement, by reason of knowingly false and fraudulent misrepresentations of existing facts, made to the complaining party, whereby he was induced to act to his injury." *Barnett* v. *Speir*, 93 *Ga.* 762; *Newkirk* v. *Burts*, 25 *Ga. App.* 689 (104 S. E. 456); *Battle* v. *Livingston*, 21 *Ga. App.* 809 (95 S. E. 314); *Houze* v. *Blackwell*, 144 *Ga.* 700(2) (87 S. E. 1054); *Stovall* v. *McBrayer*, 20 *Ga. App.* 93 (92 S. E. 543). Under these principles of law, the verdict for the plaintiff was authorized by the evidence.

<em>Judgment affirmed. Stephens and Hill, JJ., concur.</em>

Decided April 14, 1921.

Trover; from city court of Greensboro — Judge Brown. July 17, 1920.

The exceptions are to the overruling of the defendant's motion for a new trial, based on general grounds only. According to the plaintiff's evidence, he and the defendant exchanged mules upon the express agreement that if the defendant's mule " was not sound and all right, it was no trade," and the mule delivered to the defendant was to be again the plaintiff's mule, and vice versa. The mule received by the plaintiff proved to be deaf, and, immediately on his discovery of the defect, he sought to restore the original status. By trover he sought to recover the mule delivered to the defendant, and the verdict was in his favor. The contention made in the brief of counsel for the plaintiff in error is that deafness is not " unsoundness " or such a defect as would prevent the animal from being considered " sound and all right."

*J. G. Faust*, for plaintiff in error. *Noel P. Park*, contra.