## 13823.   HENDLEY v. CHAMBLISS.

BELL, J.   Where two persons swap horses, in order for one of them to re-
pudiate the contract as void on the ground of fraud perpetrated by the
other, and to employ the action of trover to recover the horse which
he has given in exchange, the fraud must be actual. *Barnett* v. *Spier*,
93 *Ga.* 762 (21 S. E. 168); *Dunn* v. *Beasley*, 143 *Ga.* 376 (85 S. E. 100).
Rescission, where a right to rescind is not expressly reserved, can not
be had for constructive fraud or merely on account of a warranty,
express or implied. *Battle* v. *Livingston*, 21 *Ga. App.* 809 (95 S. E.
314); *Metcalf Live Stock Co.* v. *Short*, 23 *Ga. App.* 690 (99 S. E. 230).
In such a case it is necessary that the plaintiff show either by direct or
circumstantial evidence that the defendant knowingly made the alleged
false representations with intent to deceive the plaintiff, and that the
plaintiff was deceived and suffered damage thereby. *Houze* v. *Blackwell*,
144 *Ga.* 700 (2) (87 S. E. 1054). Some of the excerpts from the
charge were susceptible of a construction by the jury that such rescis-
sion would be authorized merely for the breach of an express warranty.
A reckless representation of facts as true which the author may not
know to be false is not equivalent to a knowledge of the falsehood,
unless "intended to deceive." Civil Code (1910), § 4410; *Cooley* v.
*King*, 113 *Ga.* 1163 (2), 1165 (39 S. E. 486). One of the excerpts
complained of, in referring to the effect of reckless representations,
omitted the important phrase quoted. For these reasons the defendant's
motion for a new trial should have been granted. No other reversi-
ble error is assigned.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED SEPTEMBER 22, 1923.

Trover; from city court of Nashville — Judge W. R. Smith.
*R. A. Hendricks*, for plaintiff in error.   *W. D. Buie*, contra.

---

## 13832.   MURPHY v. MITCHELL.

STEPHENS, J.   This being a suit on open account, and the amount of
the verdict found for the plaintiff having been reduced by him by writing
off a sum specified by the court as a condition precedent to the overruling
of the defendant's motion for a new trial, and it not being made to
appear to this court that from the application of the law to the evidence
the excess could be definitely and accurately ascertained, the order deny-
ing a new trial upon this condition was error. *Central &c. Ry. Co.* v.
*Perkerson*, 112 *Ga.* 923 (38 S. E. 365, 53 L. R. A. 210); *Lee* v. *Bagwell*,
14 *Ga. App.* 699 (82 S. E. 49).

*Judgment reversed. Jenkins, P. J.; and Bell, J., concur.*
DECIDED SEPTEMBER 22, 1923.

Complaint; from Lamar superior court — Judge Searcy. June
23, 1922.

*Redding & Lester*, for plaintiff in error.
*Dobbs & Barrett*, contra.