25713, 25714. YEOMANS *v.* JONES; and *vice versa.*

DECIDED OCTOBER 14, 1936.

*W. T. Burkhalter,* for plaintiff. *C. L. Cowart,* for defendant.

GUERRY, J. A. L. Yeomans sued out this bail-trover proceeding against Basil Jones. The petition alleged, that on September 13, 1935, one O'Hara, a transient horse trader, whose whereabouts are now unknown, in company with the defendant, a neighbor of the plaintiff, came to the plaintiff's home; that Jones introduced O'Hara to plaintiff and vouched for him as a reliable and responsible man; that O'Hara proposed to trade mules with plaintiff, offering "a good-looking mare mule," and representing the mule to be seven years old; that O'Hara warranted his mule as "all right in everyway," and said that if she was not, and plaintiff was dissatisfied, he would either give plaintiff another mule or return his mule or pay her value; that he further represented that he would continue in the county until Christmas; that the plain-

tiff, in ignorance of the facts, exchanged mules with O'Hara, giving to him a mule in exchange that was of the value of $200; that a few days after the trade the mule began to change color from black to white around its legs and head; that its hair had been dyed to conceal the gray hair which indicated its age, which was twenty-five years instead of seven years as represented by O'Hara; that said mule was wind-broken and suffering from an incurable disease from which it shortly died; that plaintiff was ignorant of these facts at the time he traded, and relied on the representations and warranties of O'Hara, which were false; that on the same day O'Hara traded to defendant the mule he obtained from plaintiff, and defendant is now in possession of this mule; that plaintiff's demand for his mule has been refused; that both O'Hara and defendant told plaintiff that the mule traded him was seven years old, and he relied on their statements; that O'Hara and Jones "came to his home after planning how to cheat and defraud and swindle your petitioner," and succeeded in doing so; that O'Hara has escaped the jurisdiction of the court; that defendant said to plaintiff, at the time of the trade, "that he would warrant the statements made by the said O'Hara as to the mule to be true," and, "relying on the guarantee made by said defendant," the plaintiff traded mules with O'Hara. The defendant demurred to the petition on the grounds that the plaintiff had no title to the mule; and that his remedy, if any, was an action for damages.

■ Trover is the statutory right to recover possession of personal property which has been wrongfully taken from the possession of plaintiff. See *Livingston* v. *Epsten-Roberts Co., 50 Ga. App.* 25 (177 S. E. 79), and cit. It is an action sounding in tort. "It may be stated that as a general rule the plaintiff in an action of trover must show title, either general or special, in himself at the time of the institution of the suit, actual possession, or right of immediate possession." *Livingston* v. *Epsten-Roberts Co.*, supra. The present petition expressly alleged a trade of the mules by swap and delivery thereof. In *Dawson* v. *Pennaman*, 65 *Ga.* 698, it was said: "Where there is a breach of warranty unmixed with fraud, the remedy is by suit on the warranty; but where there has been actual fraud mixed with deceit and corruption in an exchange of personalty, the party defrauded has his election to sue on the warranty or to bring trover for the prop-

erty sold by him." See also *Barnett* v. *Speir*, 93 *Ga.* 762 (21 S. E. 168); *Newman* v. *Claflin Co.*, 107 *Ga.* 89 (32 S. E. 943); *Johnson* v. *Harley*, 121 *Ga.* 83 (48 S. E. 685); *Stovall* v. *McBrayer*, 20 *Ga. App.* 93 (92 S. E. 543).

It is undoubtedly true that the petition in the present case sufficiently alleged fraud, inducing the trade of the mules, to support an action of trover against O'Hara, had such been the suit. The plaintiff insists that the allegations that the defendant introduced O'Hara and vouched for him as a reliable man, that defendant himself represented to plaintiff the age of the mule as being seven years, that defendant and O'Hara came to his house after planning to defraud and deceive him, that defendant warranted the statements of O'Hara to be true, which were designedly false, and that defendant himself, within thirty minutes of the swap, became the purchaser of the mule from O'Hara, show that defendant was an active party to the fraud perpetrated, and was a purchaser of the mule from O'Hara with notice of the fraud, and therefore took no better title than O'Hara; and that a trover suit will lie against him.

The foundation of an action for fraud and deceit, which is akin to a trover action where it is claimed that no title passed from seller to purchaser because of fraud, is "fraud and deceit in the defendant, and damage to the plaintiff. Fraud without damage, or damage without fraud, gives no cause of action; but when these two concur, an action lies." *Brooke* v. *Cole*, 108 *Ga.* 251 (33 S. E. 849); *Green* v. *Bryant*, 2 *Ga.* 66. We are in agreement that the petition alleges sufficient facts to show that O'Hara and Jones conspired to, and did, defraud and swindle the plaintiff. If these facts be sustained by competent evidence, Jones certainly took no title from O'Hara as against the plaintiff, and trover may be employed to recover the property. We are therefore of the opinion that the court did not err in overruling the demurrer.

■ There is an assignment of error complaining of the refusal of the court to allow a certain amendment. The amendment is not designated in the bill of exceptions as a part of the record, nor does it appear in the record. In his brief, counsel for the plaintiff states that the amendment waived the tort and elected to sue on the warranty. The court did not err in refusing to allow this amendment. "The plaintiff having elected to sue in tort, by ac-

tion of bail-trover, the action was not amendable by striking the trover suit and setting up a cause of action ex contractu." *Dunn* v. *Fairbanks-Morse Co.,* 19 *Ga. App.* 548 (91 S. E. 1005), and cit.

■ At the conclusion of the evidence the court granted a non-suit. Counsel for the defendant contends that the evidence for the plaintiff disclosed that he traded mules with O'Hara, upon the representation of O'Hara that if plaintiff became dissatisfied with the trade for any reason, O'Hara would do any one of three things, to wit, (1) give him a mule that would give satisfaction, (2) return plaintiff's mule, or (3) pay the reasonable value of plaintiff's mule; that this constituted an express contract which passed title to the mule out of plaintiff, and that his remedy was on the contract, and not by suit in trover. However, we can not agree that the jury would necessarily have so to conclude. The evidence disclosed that the natural color of the mule traded to the plaintiff was gray around its feet and legs and head; that it had been dyed black; that the age of the mule was twenty-five years, instead of seven as represented by both defendant and O'Hara; that it was wind-broken, and had an incurable disease of which it died a few weeks thereafter. O'Hara was introduced to plaintiff by defendant; he vouched for him and all that he represented concerning the mule; defendant had previously expressed a desire to obtain the plaintiff's mule, and only a short while after O'Hara had obtained the mule the defendant became the purchaser. Could not the jury infer from these facts that the defendant was an actual conspirator with O'Hara to cheat and defraud the plaintiff, knowing that the representations made were false? We think so. And if so, the plaintiff had the right to elect to sue in trover, although certain warranties may have been made which would support an action ex contractu. *Fudge* v. *Kelly,* 4 *Ga. App.* 630 (62 S. E. 96) ; *Battle* v. *Livingston,* 21 *Ga. App.* 809 (95 S. E. 314); *Hendley* v. *Chambliss,* 30 *Ga. App.* 736 (119 S. E. 351); *Metcalf Live-Stock Co.* v. *Short,* 23 *Ga. App.* 690 (99 S. E. 230); *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (55 S. E. 50) ; *King* v. *Dobbs,* 30 *Ga. App.* 441 (118 S. E. 428). We are therefore of the opinion that the judge erred in granting a nonsuit.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Broyles, C. J., and MacIntyre, J., concur.*