R. S. WESTMORELAND et al. *vs.* WALKER & ATKINSON.

The purchaser of an unsound article may elect to return the property, and consider the contract wholly void, or retain the property and recover the difference between the value of a sound and an unsound article.

The question presented is, partial failure of consideration. *Held*, that the first and second charges were calculated to mislead the jury as to the question presented by the third charge.

IN error from the circuit court of Itawamba county; Hon. Hugh R. Miller, judge.

Walker and Atkinson brought suit in the circuit court of Itawamba county against Westmoreland, upon a promissory note, which was part of the consideration agreed to be given by W. to W. and A., for a slave purchased from the latter persons, and which negro slave they warranted sound. The evidence for W. in the case showed the slave to be unsound, and in other respects not such as the bill of sale warranted the slave to be; but there was conflict in the testimony as to the soundness of the slave.

The court below gave the three following instructions to the jury upon the trial of the case: —

1st. Fraud in the sale of a chattel cannot be set up in bar of the recovery of a note given on such sale, unless the vendor, on the discovery of such fraud, return or offer to return the article purchased to the vendor, or show it to be entirely without value.

2d. A partial failure of consideration for a promissory note, constitutes no ground of defence, if the quantum to be deducted on that account is a matter not of definite computation, but of unliquidated damages.

3d. That the purchaser of an unsound slave may elect to return the property and consider the contract wholly void, or may retain the property and recover the difference between the actual value of a slave if sound and the value if unsound.

The jury found a verdict for the plaintiffs below, and W. prayed a writ of error to this court.

*Lindsey* and *Robins,* for the plaintiff in error.

*Davis* and *Acker,* for the defendants in error, cited the follow-ing authorities to sustain the opinion of the court below. 1 S. & M. 400 ; 5 Ib. 21 ; 10 Ib. 313 ; 13 Ib. 599 ; 5 Ib. 38 ; Story on Sales, §§ 354, 358 ; 2 Wend. 236 ; 12 Johns. 183 ; 18 Ib. 403 ; 17 Eng. Com. L. R. 121 ; 8 S. & M. 348 ; 6 Johns. Ch. R. 351.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Ita-wamba county, founded upon the promissory note of the plain-tiffs in error to the defendants in error, for part of the purchase-money, agreed to be paid for a certain slave.

The bill of sale executed by the plaintiffs below warrants the slave to be sound in body and mind. The evidence on the part of the defendants below shows him to be unsound in body, and to possess a weak mind. The slave is represented in the bill of sale to be 27 years old. The proof shows him to be 38 or 40 years old. There is some conflict in the testimony as to the soundness of the slave, and it was, therefore, the province of the jury to decide on this question.

The court gave three instructions to the jury. The third is as follows : " The purchaser of an unsound slave may elect to return the property, and consider the contract wholly void, or may retain the property and recover the difference between the actual value of slave if sound, and the value if unsound." This instruction is strictly in accordance with the settled decisions of this court, and if the other charges did not clearly conflict with it, we should not feel at liberty to disturb the verdict.

The first charge is directly opposed to the evidence in the cause. It takes for granted, that there was no offer to return the slave. The proof is, that the defendants offered to return the slave and to pay $100, to be discharged from the contract. There was no question as to rescinding the contract raised on the trial, because $400 of the purchase-money had been paid, and it was not pretended that this amount could be recovered back in this action. The slave was, by some of the witnesses, proved to be valueless, by another to be worth $400. By the

defence set up, the only question to be decided was the one presented by the third instruction, whether the plaintiff below was entitled to recover on the note, which being for only part of the purchase-money, could only present the question of partial failure of consideration.

The first and second charges were calculated to mislead the jury as to the question presented by the third charge.

Judgment reversed, new trial granted, and cause remanded.