## KING *v.* MANNING.

[90 South. 728, No. 22430.]

SALES. *The measure of damages for breach of warranty is the difference between the value of the mule bought in its unsound condition and price paid; evidence must show value with reasonable certainty.*

In an action for damages for a breach of warranty of soundness of a mule sold plaintiff, the measure of damages where the plaintiff retains the mule is the difference between the value of the mule in its condition of unsoundness and the price paid for the mule; and the plaintiff must prove the value of the mule in its unsound condition as well as the sum paid for it. Evidence of the lameness of the mule and its unfitness for the service for which it was bought is not sufficient to support a verdict of one hundred dollars, where the purchase price was two hundred and seventy-five dollars. The evidence must show the value with reasonable certainty.

APPEAL from circuit court of Union county.

HON. W. A. ROANE, Judge.

Suit by J. W. Manning against H. D. King. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*G. L. Jones,* for appellant.

The judgments should have been set aside and a new trial granted because there is no evidence to support the verdict of the jury. Before a verdict for damages should be allowed to stand, damages should have been proven and the proof should establish the damages with reasonable certainty. There is an entire absence of evidence to support the verdict of the jury in this case, and a reversal of the case must necessarily follow. *Payne, Director General,* v. *Wayne,* 88 So. 705; *Stone* v. *Pounds et al.,* 88 So. 629; *Otey* v. *McAffee,* 38 Miss. 348.

There is no evidence to support the verdict of the jury and the court should have set aside the verdict. *Cohen* v. *State,* 67 Miss. 330.

*B. N. Knox,* for appellant.

If appellant made certain representations and warranties, upon which appellee relied, and said warranties were false, it served to breach the contract of sale between the parties. This question was passed upon by the jury and decided in favor of appellee. If the warranties were false then appellee had a right to demand the return of the full purchase price.

While appellee did not testify that his damages was so many dollars and cents, as one hundred and fifty-five dollars and fifteen cents, or some other equally definite amount, yet the testimony was definite enough for the jury to render a judgment, based on the evidence. The proof showed the condition of the mule. Appellant valued him at twenty-five dollars; other witnesses testified that he was unfit for the work he was bought for; when this is done, then it is the province of the jury to fix such damages at such sum as the jury may believe from the evidence in the case, plaintiff is entitled to. The *quantum* of damages is left to the jury, restricted only in that they cannot bring in a larger amount than sued for.

On the next to last page of appellant's brief, end of first paragraph as follows: "And the court further instructs you that in order to find for plaintiff you do not have to believe that said warranties were false, counsel has misquoted the instruction by omitting the very important word 'Intentionally' preceeding the word 'false.' Record, page 63. All the instructions given for plaintiff, taken together, clearly announce the law as to this case, and the jury was not misled."

ETHRIDGE, J., delivered the opinion of the court.

Manning brought suit against King for two hundred and seventy-five dollars for breach of warranty of a mule bought by Manning from King. Manning bought a pair of mules for five hundred and seventy-five dollars under a

warranty of soundness. One of the mules had a scar on
the left fore foot from some injury which had resulted in
a hardening of the cartilage of the ankle into a bony sub-
stance, which caused the mule to become lame when worked
steadily at heavy work. The pair of mules was bought for
lumber hauling and other heavy work. The testimony
showed that the mule could not do steady work of a heavy
nature, and would go lame after about two or three days
work and went lame from plowing and other work of that
kind. When the lameness was discovered, or shortly there-
after, the defendant King's attention was called to it, and
he requested Manning to keep the mule and that he would
do whatever was right about it. There is a dispute in the
evidence as to the soundness of the mule and whether he
was lame, and also as to the period of time which King re-
quested Manning to keep the mule. In the fall of the year
the mule was tendered back to King, who refused to re-
ceive it. There was a suit brought on the warranty. No
judgment was entered on the minutes at the term in which
the case was tried, but at a subsequent term a *nunc pro
tunc* order was made reciting a jury verdict for one hun-
dred dollars for the plaintiff, and that such judgment was
not entered of record because of clerical error. A motion
was also made by the appellant, King, to tax Manning with
the cost of the suit because the verdict and judgment was
for less than two hundred dollars, and the trial judge did
not certify under the statute that the plaintiff had reason to
believe he would recover a greater sum than two hundred
dollars. It was also insisted in a motion for a new trial
and here that the evidence was insufficient to support the
verdict.

There was no proof in the record as to the real value of
the mule in its lame and crippled condition. The only
proof is the nature and extent of the injury coupled with
the statement that the defendant had offered twenty-five
dollars in satisfaction on his warranty, which was refused.
The trial proceeded upon the theory of a suit in damages
for breach of warranty, and the rule is in such cases that

the plaintiff is entitled to the difference in the value of the mule in its then condition and the purchase price paid for the mule. *Hambrick v. Wilkins*, 65 Miss. 18, 3 So. 67, 7 Am. St. Rep. 631. See also *Westmoreland* v. *Walker & Atkinson*, 25 Miss. 76; *Stillwell, Bierce & Smith Vaile Co.* v. *Biloxi Canning Co.*, 78 Miss. 779, 29 So. 513.

For the error indicated, the judgment will be reversed, and remanded for a new trial. In this attitude of the record it is unnecessary to notice the other qustions raised, as they may not appear in a subsequent trial.

*Reversed and remanded.*