No. 56.—Wm. Bailey, plaintiff in error *vs.* Thomas Jones, defendant in error.

[1.] An action brought under the Act of 1847, "To curtail and simplify pleadings", may be amended in conformity thereto, as the declaration might be at Common Law, or under the Judiciary Act of 1799.

[2.] The verdict in ejectment may be for a part only of the premises claimed in the declaration.

[3.] Where the State has granted lands to a certain limit, in a contest between individuals as to what premises are covered by the grant, the State Courts will not be ousted of their jurisdiction, by the suggestion that one of the lines is a disputed boundary between this and a sister State, for the ascertainment and settlement of which, litigation is then pending before the National Court.

[4.] If a party innocently, by mistake, misrepresents a fact which is material, and which the other party confided in, it is cause for rescinding the contract. on the ground that it operated as a surprise and an imposition on the party seeking relief.

Action for Land, in Thomas Superior Court. Decision by Judge Love, May Term, 1853.

When this cause came on to be heard in the Court below, the counsel for defendant below, and the plaintiff in error, moved to strike out two amendments which had been filed to the complaint, on the ground that the action was brought under the Act of 1847, "To curtail and simplify pleadings at Law", and in conformity thereto, and was therefore not amendable. The Court refused the motion, and this is assigned as error.

This action was brought to recover lots Nos. 163 and 164, of originally Irwin, now Thomas county. The evidence of plaintiff below, disclosed the fact, that the land sued for, lay within the disputed territory between Georgia and Florida, depending upon the true boundary line between those States. Defendant's counsel moved to dismiss the case on this ground, that the Court had no jurisdiction to decide the question as to the true boundary—that question being already before the Supreme Court of the United States; which Court only, had jurisdiction to decide thereon.

The Court refused the motion to dismiss, and this is also assigned as error.

The defendant below relied, in his defence, upon a division made between himself and the plaintiff, of the lots of land in question, by Commissioners appointed for that purpose; the fairness of which division was denied by the plaintiff. The Court charged upon this point, "That if the land was divided by the parties themselves, with a full understanding of their rights, they are bound thereby. If either party was deceived by the innocent or fraudulent misrepresentations of the other; or there was any mistake in regard to their rights, this division is not binding on either." To the latter clause of this charge, defendant below excepted, and has assigned error thereon.

ROCKWELL, for plaintiff in error.

COLE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The first assignment of error, assumes that if an action be brought under the Act of 1847, "To curtail and simplify pleadings", and in comformity thereto, that the same is not amendable. Such is not our interpretation of that Statute.— The writ under this Act may be amended, as the declaration might at Common Law, or under the Judiciary of 1799: provided it be done in conformity with the Act. In the petition, as it was originally filed in this case, the plaintiff sued for the whole of two lots of land. By his amendments, he claimed only the north-half or moiety of these lots.

[2.] We hold the verdict good, under the pleadings as they originally stood. We entertain no doubt, however, as to the party's right to amend.

[3.] With the question as to the true boundary line between this State and Florida, neither the Superior Court of Thomas county, nor this Court has anything to do. The only issue to be tried, was as to the *locus in quo* of the premises in dispute, under the grants from the State of Georgia, and the conveyance between the parties. Jones was entitled to receive all the land he bought of Bailey, namely, the north-half of lots Nos. 163 and 164. If it should turn out, upon the settlement of the true boundary line between the two States, now in a train of adjudication before the proper tribunal, that Georgia has sold territory which did not belong to her, she will, of course, refund the purchase money, or otherwise indemnify the vendee. The loss, in such event, should fall upon the State and not the innocent citizen. Indeed, it could not, with propriety, be called a loss, to disgorge money to which she was never entitled. On the other hand, it would be manifestly wrong to involve Mr. Jones, on account of a mistake committed by the State, should it prove to be one ; and suffer her to retain in her Treasury, funds which of right did not belong to her—the price of property lying in a foreign jurisdiction.

[4.] The defendant in ejectment relied, among other things, on a division line run between the plaintiff and himself, by

Commissioners appointed by themselves for that purpose. And upon this point the Court charged, that "If the land was divided by the parties themselves, with a full understanding of their rights, they are bound thereby. If either party was deceived by the innocent or fraudulent misrepresentations of the other; or there was any mistake in regard to their rights, the division was not binding on either."

It is complained, that the jury found contrary to the first clause of the charge; and that the latter clause is not law.

We are not prepared to say, that were we satisfied that the verdict was contrary to the first clause in this charge, that we should on that account award a new trial in this cause. We are strongly inclined to the opinion, that Mr. Jones is entitled to all the land contained in his deed; and that he would not be estopped by a mere parol division, founded on no consideration whatever, which give him less. But be this as it may, this branch of the case was fairly submitted to the jury upon the proof. And they have either found, under the instructions of the Court, that there was no such division; or else, under the power given to them by the presiding Judge, under the second clause of his charge, the jury have found that Jones was deceived in making this line, by the fraudulent misrepresentations of Bailey; and that the partition was founded on the mistake of the parties; and consequently Jones ought not to be bound by it.

It only remains to inquire then, does this portion of the charge enunciate the law correctly? If it does not, then the decision of this Court, in *Smith et al. vs. Mitchell,* (6 *Ga. Rep.* 458) was wrong. We there held, that if a party innocently, by mistake, misrepresents a fact which is material, and which the other party confided in, it. is cause for rescinding the contract, on the ground that it operated as a surprise and an imposition on the party seeking relief.

There is direct and uncontradicted testimony in this record, that Jones trusted alone to the representations of Bailey, in running the dividing line between the North and South halves of these lots. This line, therefore, will not foreclose him from

being remitted to all of his original rights, under his deed from the defendant.

Judgment affirmed.