THOMAS S. POWELL, plaintiff in error, *vs.* JESSE BORING, defendant in error.

1. Where a party upon a motion to open a judgment under the Relief Act of 1868, which was dismissed by the Court, fails to bring up, in the record to this Court, the original record of the judgment moved to be opened:

*Held,* That, inasmuch as the party alleging error must show affirmatively the existence of the error complained of, this Court will presume, in the absence of the record of the judgment, everything in favor of the judgment, and of the dismissal of the motion.

2. *Held again,* That, where it appears, from the statement of the facts set out in the motion, that the defense to the original suit involved the same issues now involved and presented by the motion, this Court will not set aside the judgment of dismissal.

3. *Held again,* That all motions under the Relief Acts to open judgment, must be confined to the legal equities authorized to be pleaded by said Act, and new matters of defense not embraced in the law are insufficient to predicate such motion upon.

Relief Act of 1868. Equity. Estoppel. Before Judge HOPKINS. Fulton Superior Court. October Term, 1870.

In October, 1866, Boring obtained a judgment against Powell, upon a contract made prior to June, 1865. (See Powell *vs.* Boring, 35th Georgia Reports.) The debt being still unpaid in May, 1869, Powell's counsel moved to have said cause resubmitted to the jury, under the Relief Act of 1868, that Powell might give in evidence "the consideration of the debt, the amount and value of the property owned by him" when the debt was contracted, "to show upon the faith of what property the credit was given," "the destruction or loss of said property, and how lost or destroyed," "for the purpose of reducing the amount of the judgment rendered, according to equity, and that such a verdict may be rendered as to the jury may appear just and equitable."

Boring's counsel demurred, because there was no averments of the facts expected to be proved. Powell's counsel amended by averring as follows: "The judgment was founded upon

certain notes, which Boring claimed Powell had bought from him. Boring was a member of the faculty of the Atlanta Medical College, a corporation. He proposed to sell to Powell his interest in the College. There was a misunderstanding as to what that interest was, but this was not developed till Powell had taken Boring's place in the College, in 1858. This contract was made in 1858. Powell thought he purchased only Boring's interest in the building and grounds and his position as professor. But Boring insisted that he sold him also his interest in certain notes in the hands of the dean of the faculty. Powell paid him for his interest in the building and grounds, leaving the matter as to the notes in controversy. In 1861, Boring sued Powell for the price or value of said notes. The notes were for tuition fees of students who had attended the college. In 1866, the said controversy was tried.

The jury found that Powell had bought the notes, and found for Boring for their value, $1,543 00, with interest. The notes were never delivered to or in any way transferred to or indorsed to Powell, nor has Boring offered to do either. Powell is entitled to have said notes transferred to him before Boring can collect said judgment. Boring is insolvent, and if Powell pays the judgment, he cannot make Boring respond in damages, even if the notes be transferred to him. A failure of consideration was not pleaded in the original suit; "the question seemed to be as to whether he made the contract." For these reasons, he moved to submit the matter to a jury as aforesaid.

Boring's counsel again demurred to the motion as amended, and the Court dismissed it. That is assigned as error.

P. L. MYNATT; TIDWELL, FEARS & ARNOLD, for plaintiff in error. This motion is a substitute for a bill in equity, under the Relief Act of 1868. The remedy sought could only be enforced in equity *after* judgment on the contract. 2 Sm. L. C., 23, 24, 32; 8 M. & W., 872; 15th, 598; 26

Ga. R., 485. Relief Act of 1868 gives new trial if equity will. 40 Ga. R., 493.

A. W. HAMMOND & SON; L. E. BLECKLEY, for defendant.

LOCHRANE, Chief Justice.

1. This case comes before the Court upon a motion to reopen a judgment under the Relief Act of 1868. The original notice was given April 2d, 1869. At the May Term, 1869, the proper motion, based on this notice, was made, and dismissed 8th December, 1870. The bill of exceptions sets out an amendment proposed orally, in which it is alleged that certain notes, about which the original litigation was had, were never delivered to him, although this judgment which was moved to be opened was recovered against the movant upon the ground that he had purchased said notes. He asks that the matter be submitted to a jury upon the failure of consideration, etc. And avers that plaintiff in judgment is insolvent, and ought not to collect his judgment etc.

It is clear, from this record, that the motion originally made was properly dismissed. It was filed upon the ground of losses, but did not in any way attribute such losses to any act of the plaintiff. The amendment is not germain to the Act of 1868. It set up a defense to the judgment, to-wit : that there was failure of consideration, and asks that it be opened upon that ground. It sets up insolvency on the part of the plaintiff in *fi. fa.*, and therefore virtually asks that he be restrained from collecting the debt. Again, it presents nothing in the Act of 1868 but its form.

We think the Court committed no error in dismissing the whole motion and amended motion in this case.

But the record fails to bring to the notice of this Court the papers and pleadings in relation to the judgment it was moved to open. This Court will presume everything in favor of the judgment of the Court below arising out of the

record when it is not brought before this Court. It is the duty of all parties who allege error in the judgment of the Court excepted to, to make such error affirmatively to appear. How can we know what was contained in the original pleadings and judgment except the record is brought up to be examined and reviewed by this Court? In motions to open or set aside the judgment of a Court it is to be presumed that the judgment sought to be opened is before the Court, that he has the record to inspect, and that his judgment is based upon the record. Now, when the judgment upon the motion is brought up, and it comes without the record, we can only presume that the record, as presented to the Court below, furnished him with satisfactory reasons, based upon legal grounds, for his judgment.

2 and 3. But in this case the motion is not within the Relief Acts, is not based upon the adjustment of equities arising out of the relief provisions. It presents, by way of a bill in equity, an application for a rehearing, and yet upon its face presents such a statement of the original litigation as must have involved the defense set up by the motion, and would be insufficient, as a bill in equity, to invoke a rehearing. Dr. Boring sued Dr. Powell, and the action involved the consideration upon which it was founded if the notes had not been delivered, or, by operation of law, conveyed to him; this was a proper defense to have been made at the time of the suit and upon the hearing before judgment. And the rule laid down by this Court is, that the party is not only estopped after judgment as to matters set up and pleaded, but as to such matters which might have been relied on as a defense. The law does not favor, the negligent; and where there is nothing which is recognized by equity sufficient to account for not pleading such defenses as existed before judgment, the judgment is final and conclusive.

This principle has been solemnly enunciated by this Court, and reiterated as the settled law, so far as defenses are concerned. We may recognize the rule that permits a party

who has independent claims against one suing him pursuing his legal remedy by a separate and distinct action against him. But if it be a purely legal defense to the action brought he must plead it.

In this motion we see nothing which ought not to have been pleaded as a defense before judgment. And it comes too late to invoke, by a motion based on the Relief Acts, the power of equity to open the judgment or grant the relief sought. And we therefore affirm the judgment of the Court.