6178.   WHITTEN *v.* RAILWAY POSTAL CLERKS INVESTMENT
ASSOCIATION.

RUSSELL, C. J. 1. According to the allegations of the petition, the defendant was presumptively the bona fide holder of the notes before their maturity, and therefore was not chargeable with the failure of the consideration of the notes.

2. That the consideration of a promissory note otherwise negotiable is expressed in the note does not affect its negotiability, unless the consideration so expressed is a gambling, immoral, or illegal consideration. "A knowledge of the consideration of a negotiable promissory note by a purchaser thereof, for value and before maturity, is not sufficient to

charge him with notice of the failure of such consideration." *Hudson* v. *Best*, 104 *Ga.* 131 (30 S. E. 688).

3. The rule that the purchaser of a note is not affected by his knowledge of the consideration is not changed by the fact that the consideration of the note is realty, rather than personalty.

4. The court did not err in sustaining the general demurrer and dismissing the petition.                          *Judgment affirmed.*

DECIDED AUGUST 5, 1915.

Complaint; from municipal court of Atlanta. November 19, 1914.

The petition alleges, in substance, that on August 21, 1911, W. J. Greene, now a resident of parts unknown, sold to petitioner a parcel of land on Mathews avenue in Kirkwood, DeKalb county, Georgia, known as lot 22 (further described), and executed and delivered to petitioner his bond for title, agreeing to convey the said property to petitioner on payment of $450 in accordance with the terms of the bond, and petitioner executed and delivered to the said Greene 35 promissory notes for $10 each and interest at 7 per cent. from date (August 21, 1911), payable monthly, each reciting that it was "part of the purchase-price of lot 22 on Mathews avenue." Each of the notes came into the possession and ownership of the defendant, and petitioner paid each of them to the defendant when due. W. J. Greene never owned the said property and he had no right or title to it. At the time the petitioner paid the first of these notes he expressed his doubt as to the title being good to the defendant, through its officer or agent who had custody of the notes and who received the petitioner's money in the defendant's office and surrendered to him the notes, marked paid. Thereupon the defendant assured petitioner that it had had the title examined, and that Greene's title was perfect, and that it was entirely safe and proper for petitioner to continue to pay the notes as they fell due. Petitioner has never received anything of value whatever for the money which he paid to defendant; he has received merely some worthless scraps of paper. He paid to defendant $350 as principal, together with interest thereon from August 21, 1911, at the rate of 7 per cent. per annum; and in view of the facts alleged, the defendant is indebted to him in the amount so paid, which it refuses to pay; wherefore petitioner prays process, etc. The demurrer is on the grounds: (1) that no cause of action is set out; (2) that the petition shows that the defendant was an in-

nocent purchaser, and therefore is not chargeable with failure of consideration of the notes; and (3) that the petition shows that the defendant was not a party to the original consideration and had no notice that no valid consideration passed.

*Dean E. Ryman,* for plaintiff.

*Evins, Spence & Moore,* for defendant.