## HIGDON *et al. v.* BELL.

LUMPKIN, J. 1. Without any motion to dismiss the writ of error, counsel for the defendant in error have argued that it should be dismissed on the ground that the court is without jurisdiction of the case. There is no merit in this contention. If there were any ground for objection to the case as it stands in this court, it would seem to rest on the idea that a partnership and two individuals composing it were sued, that the partnership and each of the individuals separately filed demurrers to the petition, all of which were overruled, and the two individuals excepted without joining the partnership as such in the bill of exceptions. Each of them had a right to except to the overruling of the demurrer filed by himself, which, if sustained, would have dismissed the case at least as to him, and would thus have been a final judgment as to him. *East Atlanta Land Company* v. *Mower*, 138 *Ga.* 380 (75 S. E. 418).

2. A petition alleged the following, among other facts: Joe & Ira Higdon, Joe Higdon, and Ira Higdon were the defendants. The plaintiff and these defendants (together with two others, both of whom were non-residents and one of them insolvent) became accommodation indorsers upon a promissory note which the plaintiff subsequently paid.

The suit was for contribution against the defendants, and the prayer was to recover a judgment against Joe & Ira Higdon, and against Joe Higdon and Ira Higdon, jointly and severally. Three separate demurrers were filed, one in the name of Ira Higdon, one in the name of Joe Higdon, and one in the name of Joe & Ira Higdon. One ground of the demurrer filed by Joe & Ira Higdon was because the petition failed to allege whether "the defendants Joe & Ira Higdon is a partnership or a corporation." An amendment alleging that Joe & Ira Higdon was a partnership composed of Joe Higdon and Ira Higdon was allowed over the objection of counsel for the defendant (the ground of objection not being stated in the bill of exceptions), and this was assigned as error. *Held*, that this presented no question for decision by this court.

3. The copy note attached to the petition showed an indorsement in the name of "Joe & Ira Higdon per Joe Higdon, Cairo, Ga." Ordinarily it is not within the scope of a partnership business for the firm to become accommodation indorsers upon a promissory note. If so doing was within the scope of the partnership business, or if the partner who signed the partnership name to such an indorsement had authority so to do, such facts should have been alleged in the petition. Prima facie the contract of accommodation indorsement was the individual contract of the partner making it. The two individuals alleged to constitute the firm excepted. *Held*, that the demurrer should have been sustained, except as to Joe Higdon, the partner signing the name of the firm as accommodation indorsers. Civil Code (1910), § 3185; *Sibley* v. *American Exchange Bank*, 97 *Ga.* 126 (25 S. E. 470).

*Judgment reversed in part and affirmed in part, with direction. All the Justices concur.*

DECEMBER 18, 1915.

Complaint. Before Judge Cox. Grady superior court. September 8, 1914.

*M. L. Ledford* and *Theodore Titus*, for plaintiffs in error.
*Roscoe Luke, Bell & Weathers*, and *C. E. Hay*, contra.