### 8198.  BELL *v.* HIGDON.

The law of this case was settled by the decision of the Supreme Court on the former writ of error (144 *Ga.* 485, 87 S. E. 385), when it was held that the demurrers to the plaintiff's petition "should have been sustained except as to Joe Higdon, the partner signing the name of the [defendant] firm as accommodation indorsers," and the judgment of the court below, overruling the demurrers, was affirmed as to him, with direction that the petition be dismissed except as to him. Under that decision it was error for the court below thereafter to dismiss the plaintiff's petition on the motion of Joe Higdon, on the ground that the plaintiff, by amendment on the former trial, had stricken him from the suit so far as his individual liability was concerned, and had elected to proceed against him and the other individual defendant solely on their joint and several liability as copartners.

DECIDED JUNE 15, 1917.

Complaint; from Grady superior court—Judge Cox. March 8, 1916.

*Roscoe Luke, C. E. Hay, Christopher Mathewson, Bell & Weathers,* for plaintiff.

*Titus, Dekle & Hopkins, M. L. Ledford,* for defendant.

JENKINS, J. 1. Bell brought suit for contribution against his cosureties, jointly and severally,—"Joe & Ira Higdon," as a partnership, and Joe Higdon and Ira Higdon as individuals. The copy note attached to the petition showed indorsements as follows: "Joe & Ira Higdon, per Joe Higdon, Cairo, Ga. T. L.

Perry, W. E. Bell." The petition showed that the Higdon Trading Company, the principal, and T. L. Perry were nonresidents, and that the former was insolvent. Separate demurrers to the petition were filed by the partnership and by each of the individuals named as defendants; upon which the plaintiff amended his petition as follows: "The said 'Joe & Ira Higdon' being at the time hereinafter referred to a copartnership composed of Joe Higdon and Ira Higdon, and the individual liability of both said Joe Higdon and said Ira Higdon hereinafter set forth being based solely on their joint and several liability as such copartners." All the demurrers were overruled, and the Supreme Court, on exceptions thereto, held as follows: "Ordinarily it is not within the scope of a partnership business for the firm to become accommodation indorsers upon a promissory note. If so doing was within the scope of the partnership business, or if the partner who signed the partnership name to such an indorsement had authority so to do, such facts should have been alleged in the petition. Prima facie the contract of accommodation indorsement was the individual contract of the partner making it. The two individuals alleged to constitute the firm excepted. *Held,* that the demurrer should have been sustained except as to Joe Higdon, the partner signing the name of the firm as accommodation indorsers." *Higdon v. Bell,* 144 *Ga.* 485 (87 S. E. 385). Judgment was rendered by the Supreme Court in said case as follows: "This case came before this court upon a writ of error from the superior court of Grady county; and, after argument had, it is considered and adjudged that the judgment of the court below be reversed as to Ira Higdon; affirmed as to Joe Higdon. Direction is given that the petition be dismissed except as to Joe Higdon. All the Justices concur." The remittitur from the Supreme Court was made the judgment of the court below, and, upon the call of the case therein, then proceeding against Joe Higdon only, defendant moved that the case against him be dismissed on the ground that, during the progress of the former trial, the plaintiff, by the amendment above set forth, had stricken him from the suit so far as his individual liability was concerned, and had elected to proceed against him and the other individual defendant solely on their joint and several liability as copartners. This motion was sustained by the court and the suit dismissed. Under the ruling and judgment

of the Supreme Court in the former proceeding, such dismissal was error.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*