14679.  HARDWICK, Governor, *v.* HATFIELD *et al.*

BROYLES, C. J. 1. Where the defendant is served and appears and pleads in the original suit, and a verdict and judgment are rendered against him, he cannot, under any circumstances, upon a motion to vacate the judgment, urge matters of defense which were put in issue, or which could have been put in issue, in the original suit. Civil Code (1910), §§ 4335, 4336; *Powell* v. *Boring,* 44 *Ga.* 169; *Storey* v. *Weaver,* 66 *Ga.* 296; *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (3) (90 S. E. 958); *Echols* v. *Roberts,* 22 *Ga. App.* 388 (2) (96 S. E. 7).

2. Where an action against several defendants is based upon joint and *several* liabilities, and a general verdict and judgment against all the defendants are rendered, and where one of the defendants dies before the rendition of the judgment, the judgment is nevertheless valid as to the *other* defendants. *Tedlie* v. *Dill,* 3 *Ga.* 104; *Sanders* v. *Etcherson,* 36 *Ga.* 405; *Thomas* v. *Clarkson,* 125 *Ga.* 72 (6) (54 S. E. 77, 6 L. R. A. (N. S.) 658).

3. This was an action for the forfeiture of a criminal recognizance. The defendant·sureties interposed their answer to the rule nisi as duly issued and served. Thereafter, on February 23, 1923, the case was submitted to the jury and they returned, by direction of the court, the following verdict: " We, the jury, find in favor of the plaintiff costs of suit." Upon this verdict a judgment was duly entered on the same date. Subsequently (February 26, 1923) a judgment absolute was entered against the principal and the sureties for the sum of $500 upon the forfeiture of the bond. On March 23, 1923, at the same term of the

court, the principal and the sureties filed a motion to vacate and set aside the judgment entered on February 26, 1923. This motion was based upon the ground that the verdict and judgment entered on February 23 concluded all the rights of the plaintiff in the case, and that the court was without authority subsequently to enter up the judgment for $500 and costs of suit, without resubmitting the issues to the jury (the motion to set aside the judgment, and an amendment thereto, set up other grounds why the judgment of February 26, and why the verdict and judgment of February 23, should be set aside, but none of these grounds, in the opinion of this court, was meritorious). A demurrer to the motion to set aside the judgment was overruled and the plaintiff excepted. *Held:* Since the motion to vacate and set aside the judgment entered February 26, 1923, was made at the same term of the court that the judgment was rendered, this court cannot hold that the trial court abused its discretion in overruling the demurrer.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., absent.*

DECIDED SEPTEMBER 26, 1923.

Motion to set aside judgment; from Walker superior court — Judge Wright. April 28, 1923.

Application for certiorari was denied by the Supreme Court.

*E. S. Taylor,* solicitor-general, for plaintiff in error.

*F. W. Copeland, G. E. Maddox, W. M. Henry,* contra.