Atkinson, J.
Upon motion made by the State to dismiss the writ of error in this ease, the Court of Appeals ruled as follows: “Where two defendants, after being jointly indicted and jointly tried, make separate motions for a new trial, and the court passes separate written orders overruling the motions, the defendants can not bring their eases to this court in one bill of exceptions. This is true because, while the defendants had the right to unite and to make a joint motion for. a new trial, they waived this right and elected to make separate motions, and, the court having separately passed upon each motion, the two distinct and separate judgments, over-ruling the two distinct and separate motions for a new trial, can not be reviewed in one bill of exceptions. It follows that this court is without jurisdiction to entertain the bill of exceptions in this case, and that the motion' of the State to dismiss the writ of error must be granted. The- decision in the ease of Powell v. State, 152 Ga. 81 (108 S. E. 464), does not conflict with the ruling made in the instant case; for in that case no motion for a new trial was filed, but the defendants joined in a direct bill of exceptions to the judgment finding them in contempt of court. There was no waiver of their rights in that ease.”- Eeld, that there was but one ease. The fact that two motions for new trial were made did not convert the one ease in two cases. In the circumstances the defendants might except jointly or separately. See East Atlanta Land Co. v. Mower, 138 Ga. 380 (75 S. E. 418); Higdon v. Bell, 144 Ga. 485 (87 S. E. 385); Powell v. State, supra. It follows that the ruling of the Court of Appeals was erroneous.

Judgment reversed.

All the Justices concur, except