### 19723. COLSON & SONS v. ELLIS.

BELL, J. 1. A promissory note which recites that it is given for the purchase-money of described personalty, the title to which is retained in the payee until the note is paid, is not void or unenforceable as disclosing a want of consideration because it fails to show a delivery of the property to the purchaser who executed the note. *Loewenherz* v. *Weil*, 33 *Ga. App.* 760 (127 S. E. 883).

2. Under the provisions of the negotiable-instruments act, a note which is otherwise in the form of a negotiable instrument may contain a statement of the transaction out of which it arose, without losing its negotiable character. Thus, a note may be a negotiable instrument although it appears from its face that it was executed in consideration of a conditional sale of personalty. Ga. L. 1924, pp. 126, 127, § 3 (2), Park's Code Supp. 1926, § 4269 (3), Michie's Code of 1926, § 4294 (3); *Howard* v. *Simpkins*, 70 *Ga.* 322 (2); *Simmons* v. *Council*, 5 *Ga. App.* 386 (63 S. E. 238); *Whitten* v. *Railway &c. Investment Asso.*, 16 *Ga. App.* 684 (2) (85 S. E. 973); Bledsoe *v.* City National Bank, 7 Ala. App. 195 (60 So. 942); Citizens National Bank *v.* Buckheit, 14 Ala. App. 511 (71 So. 82); s. c. 196 Ala. 700 (72 So. 1019); Continental Guaranty Corp. *v.* People's Bus Line, 31 Del. 595 (117 Atl. 275); Critcher *v.* Ballard, 180 N. C. 111 (104 S. E. 134).

3. One who signs a negotiable instrument in the name of a partnership, by himself as a member of the partnership, will be liable to the holder thereon to the same extent as if he had signed the note in his own name, and in a suit upon the note the fact that other persons sought to be held as partners were not in fact members of the partnership, or that no such partnership was in existence, will not defeat the action as to the person who actually executed the instrument. Ga. L. 1924, pp. 126, 131, § 18, Park's Code Supp. 1926, § 4269 (18); Michie's Code, 1926, § 4294 (18); *Higdon* v. *Bell*, 144 *Ga.* 485 (3) (87 S. E. 385); *Bell* v. *Higdon*, 20 *Ga. App.* 272 (92 S. E. 1018); *Comolli* v. *National Cash Register Co.*, 169 *Ga.* 409 (150 S. E. 551); Frazier *v.* Cottrell, 82 Ore. 614 (162 Pac. 834). Again, if in truth such a partnership existed, the fact that the plaintiff may have omitted or struck from the action others who were members, will not prevent a recovery against the member affixing the firm's signature as by himself, where there is no objection upon the ground of nonjoinder. *Dickenson* v. *Hawes*, 32 *Ga. App.* 173 (2) (122 S. E. 811).

4. In a suit upon a negotiable instrument against the alleged makers as a partnership, to which a plea in abatement was filed by the defendants, denying the existence of such partnership and complaining of a misjoinder of parties, where, after the filing of such plea, the plaintiff by amendment struck from the petition all parties defendant except one, and alleged that this defendant was the person who executed the instrument, the plea in abatement as to such matters was satisfied, and the court did not commit reversible error in striking it. Compare *Harris* v. *Lumpkin*, 136 *Ga.* 47 (2) (70 S. E. 869); *Witt* v. *Nesar*, 145 *Ga.* 674 (89 S. E. 747); *Fay* v. *Burton*, 147 *Ga.* 648 (2) (95 S. E. 224).

5. A negotiable instrument payable to a named person or bearer may be transferred by delivery alone. Moreover, if in this case a written indorsement was necessary, an entry made and signed by the payee upon the back of the note, directing the maker to pay to a named person "balance on the within note," and completed by delivery, would be sufficient to transfer the title to the instrument and authorize a suit thereon in the name of the transferee. Ga. L. 1924, pp. 126, 128, 133, 134, §§ 9, 30, 32, Park's Code Supp. 1926, §§ 4269 (9), 4271 (1) (3), Michie's Code, 1926, § 4294 (9, 30, 32); *Hendrix* v. *Bauhard,* 138 *Ga.* 473 (75 S. E. 588, 43 L. R. A. (N. S.) 1028, Ann. Cas. 1913D, 688); *Cook* v. *Moody,* 17 *Ga. App.* 465 (2) (87 S. E. 713); *Hooper* v. *Bank of Hiawassee,* 29 *Ga. App.* 459 (116 S. E. 32). Whether such delivery or transfer of the note would also convey the title to the property which was retained in the conditional sale, is a question not for decision in the instant case, since the suit by such transferee is merely to recover upon the note irrespective of any issue as to the title to the property.

6. A promissory note which recites that it is given for the purchase-money of described personal property sold by the payee to the maker, the title to which is retained in the payee until the note is paid, and contains further stipulations to the effect that in case of the destruction of the property while in the possession of the maker, the loss shall fall upon the latter, and that the maker has no defense, under the laws of this State, against the payment of the note, and waives all rights to plead any defense against its payment in the hands of any holder, purports upon its face to embody all the terms of a valid contract of sale of personalty, and, in the absence of fraud, accident or mistake, it will be conclusively presumed that the writing contains the entire agreement between the parties, and evidence of prior or contemporaneous parol representations, or agreements in regard to the subject-matter will be inadmissible to add to, take from, or vary the written terms of the instrument. *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954); *Pryor* v. *Ludden,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Reeves Tractor Co.* v. *Barrow,* 30 *Ga. App.* 420 (118 S. E. 456).

7. A stipulation in such note that the maker had no defense against the payment of the note and waived all right to plead any defense against its payment in the hands of any holder, amounted to a waiver of all warranties, either express or implied, with respect to the quality or condition of the property, and in such a case the purchaser, on a plea of failure of consideration, can not claim that he did not purchase the property on his own judgment, but relied upon warranties and false statements by the seller as to the character of the property. *Mock* v. *Kemp,* 17 *Ga. App.* 448 (87 S. E. 608); *Anderson* v. *International Harvester Co.,* 27 *Ga. App.* 533 (109 S. E. 417); *Butler* v. *Citizens Bank,* 28 *Ga. App.* 184 (2) (110 S. E. 501); *Connell* v. *Newkirk-George Motor Co.,* 28 *Ga. App.* 382 (111 S. E. 749); *Washington & Lincolnton R. Co.* v. *Southern Iron Co.,* 28 *Ga. App.* 684 (112 S. E. 905), and cit.; *Hadden* v. *Williams,* 37 *Ga. App.* 464 (140 S. E. 797).

8. In the instant case there was no averment that the purchaser was induced to sign the note by any false representation as to its contents,

nor were there any allegations to show that he should be excused for his failure to ascertain the same; and hence, as to a plea of failure of consideration, he must be held to have bought the article as it stood, and is bound by his bargain, without any sort of recourse on the seller. *Purser* v. *Rountree*, 142 *Ga.* 836 (83 S. E. 958); *Rose* v. *Weinberger*, 108 *Ga.* 533 (34 S. E. 28, 75 Am. St. R. 73).

9. Only actual fraud will authorize the purchaser to assert an ex parte rescission of a sale of personalty. Where a purchaser of such property attempts to rescind the contract because of fraud in the seller, it is essential to the exercise of such right that the seller knowingly made the alleged representation with intent to deceive the buyer, and that the latter was deceived and suffered damage thereby. In the instant case there was a total failure to show any such fraud as would have authorized the defendant to enforce an ex parte rescission of the contract; the only evidence upon the subject being the testimony of the defendant to the effect that the article sold "was represented to be in good working order and not defective in any wise." *Sasser* v. *Pierce*, 6 *Ga. App.* 321 (64 S. E. 1100); *Barnett* v. *Speir*, 93 *Ga.* 762 (21 S. E. 168); *Houze* v. *Blackwell*, 144 *Ga.* 700 (2) (87 S. E. 1054); *Dunn* v. *Beasley*, 143 *Ga.* 376 (85 S. E. 100).

10. It is here undisputed that the purchaser got the identical article which he bought, namely, a described gasoline engine; but one of the contentions is that, contrary to representations and warranties, the engine was possessed of certain defects which rendered it unsuitable for the use intended, and constituted a failure of consideration. Since, under the evidence, the plaintiff was not entitled to a rescission for fraud, the case is distinguished from *Snellgrove* v. *Dingelhoeff*, 25 *Ga. App.* 334 (103 S. E. 418), and also from *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (150 S. E. 600).

11. The contract was executed on February 15, 1927, and, according to the evidence of the defendant, the property was at that time situated in a marble-yard about 200 yards from his own place of business, and was not actually received by him until about ten days or two weeks after the sale. The seller made no actual delivery, but permitted another person "to go and get the engine for the" defendant. In the defendant's motion for a new trial complaint is made that the court erred in excluding the testimony of a witness to the effect that, some time after the defendant had acquired possession of the property, the witness examined the engine and found that the cylinder was cracked because water had been permitted to freeze in the water-jacket. The evidence failed to show whether this defect was existent at the time of the purchase, or whether it developed thereafter and before delivery of the property to the defendant. Under the rulings made above, the defendant could not have an abatement of the purchase-price if the defect was existing at the time of the execution of the contract. Whether he might have defended upon the ground that the property had been damaged pending subsequent delivery, the evidence introduced, with that offered, would have been insufficient to establish any such defense, and there was no error in excluding the testimony referred to; and this is

true irrespective of whether the plaintiff was a holder in due course, as to which there was a dispute in the evidence. *Connell* v. *Newkirk-George Motor Co.*, supra.

12. Where a suit is brought upon a promissory note against several persons as partners, and before verdict the plaintiff strikes all of the defendants save one, a general verdict then found in favor of the plaintiff, without designating any person as defendant, will be construed as a finding for the plaintiff against the sole remaining defendant as disclosed by the pleadings at that time. *Baker* v. *Thompson*, 89 *Ga.* 486 (4) (15 S. E. 644); *Thomas* v. *Clarkson*, 125 *Ga.* 72 (6) (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Hardwick* v. *Hatfield*, 30 *Ga. App.* 760 (2) (119 S. E. 430).

13. There was no merit in any of the demurrers to the petition, nor in the plea in abatement after the petition was amended. The evidence authorized the verdict for the plaintiff, and no error is shown in the motion for a new trial. In these circumstances, the judgment complained of can not be disturbed by this court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 23, 1930.

*John W. Sheppard,* for plaintiffs in error.
*P. M. Anderson,* contra.

