STONE AND WEBSTER ENGINEERING CORPORATION, Plaintiff, v. BRUNSWICK PULP & PAPER COMPANY, Defendant.

*(May* 4, 1965)

CHRISTIE, J., sitting.

*Richard F. Corroon,* of Berl, Potter & Anderson, and *Leonard Garment,* and *Douglas Parker,* New York City, of the New York Bar, for plaintiff.

*William Prickett, Jr.,* of Prickett & Prickett, for defendant.

Superior Court of Delaware for New Castle County.

No. 512 Civil Action, 1963

CHRISTIE, Judge.

The complaint alleges the following in substance:

The plaintiff is a concern furnishing engineering, construction, architectural and supervisory services. The defendant is a manufacturer of pulp and paper. In 1961, defendant invited the plaintiff, among others, to submit a bid for specified services in connection with an expansion of the defendant's existing mill at Brunswick, Georgia. The defendant and its engineer, H. A. Simons (International) Ltd., of Vancouver, British Columbia (Simons) made certain representations and the plaintiff believed the representations and relied on them in making its bid. The representations were "false and known to be false or were made without factual justification." The plaintiff was awarded a contract and proceeded with the work at Brunswick.

The plaintiff later gave defendant notice that it rescinded the

contract. It now seeks a judgment for $3,478,314. The amount claimed is the difference between $13,150,000 which plaintiff says is its actual cost plus a reasonable profit, and the amount of $9,671,686. which the defendant has already paid the plaintiff.

Although both parties were aware during the course of construction that a substantial overrun in cost was possible, the determination of responsibility therefor was deferred by mutual accord until the completion of the project, so as not to interfere with the progress of the work. Plaintiff says that shortly before the commencement of this action, a detailed engineering and contract analysis led plaintiff to believe that, during the bid period (from about June 1, 1961 to July 28,1961), false, incomplete or otherwise misleading information had been furnished to plaintiff by defendant, in connection with various matters bearing on the estimation of costs. Notice was consequently given to defendant of plaintiff's decision to rescind the contract and seek compensation for the fair and reasonable value of its work.

Defendant has asserted as an affirmative defense that the complaint fails to state a cause of action upon which relief may be granted. This is the Court's decision on the sufficiency of the complaint.

Specifically, defendant attacks the complaint on the ground that knowledge of misrepresentations and intent to deceive on defendant's part and diligence on plaintiff's part must be, but are not, alleged. As indicated above, plaintiff did allege that defendant's representations were known by defendant to be false but such allegation was made in the alternative, the allegation stating that the representations were "known to be false or were made without factual justification".

The complaint states that the alleged wrongs took place in Georgia and it is stipulated that the contract between the plaintiff and the defendant was made in Georgia. The work was performed in Georgia. The parties agree that the substantive rights of the parties are governed by the law of Georgia. The procedural law to be followed is,

however, the law of the forum.

■ A rule of the Superior Court provides that "In all averments of fraud * * the circumstances constituting fraud * * shall be stated with particularity. Malice, intent, knowledge and other condition of the mind of a person may be averred generally." (Superior Court Rule 9(b), *Del. C.* Ann. If proof of actual fraud is a necessary part of plaintiff's case under the substantive law of Georgia, then the circumstances constituting fraud must be stated with particularity under the procedural rules in Delaware.

The fundamental issue raised by the motion is whether plaintiff needs to prove "actual fraud" as opposed to "constructive" or "implied fraud" in order to recover the funds it seeks to recover in this suit.

Defendant argues that under Georgia law an action for the damages here sought must be based on actual fraud. If defendant is correct on this point, defendant further contends that knowledge of the misrepresentation and also an intent to deceive on defendant's part must be alleged.

Plaintiff, on the other hand, maintains that this is not and need not be a tort action for deceit, but rather is a contract action after rescission of a contract wherein plaintiff seeks quantum meruit compensation based on the reasonable value of services performed. Plaintiff further maintains that constructive fraud forms a sufficient basis at law for such rescission.

The complaint purports to state a cause of action based on constructive fraud by simply alleging that misrepresentations made by defendant were relied on by plaintiff, causing him to suffer damages. The complaint fails to state a cause of action for actual fraud.

Defendant's attack on the pleadings may be outlined as follows:

1. Plaintiff's action is and must be a tort action based on deceit.

2. If, contrary to defendant's contention, plaintiff's action is deemed to be in quantum meruit, actual fraud is still an element required for ex parte rescission of a contract.

3. The allegations of the complaint fail to state a cause of action under either theory of recovery.

As to defendant's first contention, plaintiff does not purport to proceed in tort and under the generally recognized law, plaintiff would have a choice as to whether he proceeded by way of a tort action or under am implied contract. Prosser, Torts, Sec. 100 (3rd Ed., 1964). Therefore, if defendant is to prevail on this point, it must show that plaintiff is required by Georgia law to proceed in tort.

Defendant relies heavily on cases decided under Georgia's strict rules of pleading, particularly, *Rich's Inc. v. Kirwan Brow.*, 97 Ga. App. 58,102 S. E. 2d 648 (1958). In that case Kirwan, relying on misrepresentations made on Rich's behalf, contracted with Rich for work on Rich's properties. Upon discovery of the misrepresentations, Kirwan disaffirmed the contract and sued for damages. The Court of Appeals held that the above factual allegations stated a cause of action in tort and that the trial court erred when it permitted the plaintiff to amend the complaint so as to state a cause of action in contract. It is to be noted that the Court did not hold that no contract action could have been brought had the proper allegations been included in the original complaint.

The other cases cited by defendant on this point are tort actions for deceit where it was indicated that actual fraud must be alleged.

Plaintiff on the other hand relies on *The Grangers' Insurance Co. v. Turner*, 61 Ga. 561, 562 (Super. Ct., 1878). In that case, plaintiff sought to recover funds allegedly subscribed in reliance on false representations. Defendant demurred on the ground that there was a misjoinder of actions on the theory that the alleged fraud sounded in tort, whereas the suit to recover the funds subscribed was in assumpsit.

The Georgia Supreme Court found the pleadings to be adequate and stated:

"The declaration is, in its legal effect, for money had and received to the plaintiff's use. It proceeds on a rescission (sic) or repudiation of the contract of subscription, for fraud. Get that contract out of the way, and there is no obstacle to recovering the money back. * * * There is no substantial variance of the declaration from the affidavit in attachment; nor do we think there is any tort alleged further than fraud in a contract is a tort. The object of alleging the fraud is to get rid of the contract of subscription, and to substitute therefor and get the benefit of an implied contract to refund the money." (Ibid., 566, 567).

The Grangers' case recognizes that an allegation of fraud to justify the rescission of a contract does not necessitate that the action be one in tort for deceit. See also *Decatur County v. Praytor, Howton & Wood Contracting Co.*, 165 Ga. 742, 142 S. E. 73, 79 (1928).

The following contract and equity statutes tend to indicate that constructive fraud is a sufficient basis for rescission of a contract:

"Fraud renders contracts voidable at the election of the injured party." (Georgia Code, 20-502).

"A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." (Georgia Code, 20-906).

"Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." (Georgia Code, 37-116).

"If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve; nor shall the ignorance of a fact, known to the opposite party, justify an interference, if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act." (Georgia Code 37-211).

"Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. The former implies moral guilt; the latter may be consistent with innocence." (Georgia Code, 37-702).

"Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." (Georgia Code, 37-703).

On the other hand, the following tort statute seems to require a fraudulent or reckless representation made with intent to deceive if tort recovery is sought:

"Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." (Georgia Code, 105-302).

The above cases and statutes make it clear that in Georgia, misrepresentations in connection with the formation of a contract may allow a plaintiff to invoke alternative remedies, in tort or in contract. There is no requirement that, in actions where fraud is involved, one must proceed by means of a tort action based on deceit is therefore

contention that plaintiff's action is and must be a tort action based on deceit is therefore without merit.

Defendant also makes the related contention that even in a contract action where quantum meruit recovery is sought, after ex parte rescission of a contract, the fraudulent misrepresentations on which rescission is based must be shown to have been made knowingly, and with intent to deceive. Thus, defendant says, in effect, that even if constructive fraud would appear to justify recovery, the elements usually associated with "actual fraud" must be alleged and proven if ex parte rescission has taken place. A number of Georgia cases appear to support defendant's view on this point.

There is a long line of Georgia cases which hold that only actual fraud will authorize the purchaser to assert an ex parte rescission of the sale of personal property. *Barnett v. Speir,* 93 Ga. 762, 21 S. E. 168 (1894) (Horse trade); *A. J. Colson & Sons v. Ellis,* 40 Ga. App. 768, 151 S. E. 654 (1930) (Sale of gasoline engine). See also *Hendley v. Chambliss,* 30 Ga. App. 736, 119 S. E. 351 (1923) (Horse trade); *King v. Dobbs,* 30 Ga. App. 441, 118 S. E. 428 (1923) (Cow sale); *Metcalf Live Stock Co. v. Short,* 23 Ga. App. 690, 99 S.E. 230 (1919) (Note given in payment for a horse found to be "incurable bellowsed").

There is an equally long line of Georgia cases dealing with a variety of transactions where it has been held that even an innocent misrepresentation, if it is material will justify rescission of a contract. *Smith and Shorter v. Mitchell,* 6 Ga. 458 (1849) (Misrepresentations as to land to be sold). See also *Bailey v. Jones,* 14 Ga. 384 (1853) (Ejectment arising from misrepresentation as to land divided by agreement); *Southeastern Greyhound Lines, Inc., v. Fisher,* 72 Ga. App. 717, 34 S. E. 2d 906 (1945) (Release of tort claim for personal injuries where induced by constructive fraud); *City of Dalton v. United States Fidelity & Guaranty Co.,* 216 Ga. 602, 118 S. E. 2d 475 (1961) (Workmen's compensation agreement induced by constructive fraud).

As early as 1899, the Supreme Court of Georgia recognized that there was confusion and uncertainty as to whether innocent

misrepresentations would justify rescission of a contract. The Court attempted to clarify the law by indicating that, while a mere breach of an express or implied warranty does not enable one to annul a sale on the basis of constructive fraud, an innocent but material misrepresentation, relied upon by the buyer, will enable the buyer to void the sale. *Newman v. H. B. Claflin Co.,* 107 Ga. 89, 32 S. E. 943 (1899) (Misrepresentations as to credit data in connection with sale of goods).

After the Newman case was decided, however, courts of Georgia continued on occasion to indicate that "actual fraud" must be shown to justify rescission of a contract under some circumstances even where there was no warranty involved, *A. J. Colson & Sons v. Ellis,* supra. Such ruling was sometimes justified on the ground that an ex parte rescission requires actual fraud whereas equitable rescission does not. *Puckett v. Reese,* 203 Ga. 716, 48 S. E. 2d 297 (1948).

The general law in the United States, is summarized, as follows in 5 Williston, Contracts, Sec. 1500, p. 4189 [Rev. Ed. 1937] :

"It is not necessary, in order that a contract may be recinded for fraud or misrepresentation, that the party making the misrepresentation should have known that it was false. Innocent misrepresentation is sufficient * * *."

In those jurisdictions that recognize the right to rescind for constructive fraud, the right may be asserted by whatever form of action will afford appropriate relief. Williston notes that the right is based upon the view that "it would be unjust to allow one who has made false representations, even innocently, to retain the fruits of a bargain induced by such representations". (Ibid.).

I conclude from a study of the Georgia cases that Georgia follows the rule which Williston set forth but that in certain limited areas where the sale of personal property is concerned the Courts have departed from such rule. The legal issues raised in this case and the subject matter of the dispute indicate that in Georgia constructive fraud

would be all that is required to justify rescission of the contract.

■ I conclude that the allegations of the complaint (omitting or ignoring the alternative allegation that misrepresentations were known by defendant to be false) are adequate to state a cause of action for quantum meruit recovery following ex parte rescission of a contract justified by constructive fraud. I further conclude that proof of actual fraud and of the special elements of actual fraud (as opposed to proof of constructive fraud) will not be a necessary part of plaintiff's case.

Other issues raised by defendant as to the wording of the complaint were discussed briefly at argument or in the briefs. They are resolved in favor of the plaintiff.

Defendant's motions are denied.

Plaintiff is requested to prepare an appropriate order.